THE STATE
v.
MILLER.    | 2b  35 |
           | 144 243 |

*Wednesday,
November 15.*

THE STATE *v.* MILLER.

The circumstance that some of the grand jurors who had found an indictment, were above sixty years of age, is no objection to the indictment.

The statute of 1824 excuses persons above sixty years of age from serving on juries, if they choose to claim the privilege; but the party indicted cannot object to them on that ground.

ERROR to the *Floyd* Circuit Court.

BLACKFORD, J.—Indictment for an assault. Plea in abatement, that two of the grand jurors who found the bill were above 60 years of age. Demurrer to the plea, and judgment for the defendant.

This plea is founded upon the statute of 1824. R. C. 1824, p. 234. That statute requires the county commissioners to select persons as jurors, who are between the ages of 21 and 60 years. It is very similar to the statute of Westminster 2, ch. 38; which expressly provides, that old men above the age of 70 years shall not be put on juries. According to the construction given to the statute of Westminster, such old men if returned may be discharged upon their claiming the privilege, but the party has no right to challenge them. 3 Bac. 759. So, with respect to our statute, men above 60 years are excused from serving on juries, if they choose to claim the privilege, but the party has no right to object either by challenge or otherwise, because any such men happen to be upon the jury (1).

*Friday,
November 17.*

Nov. Term,
1826.

The STATE
v.
MILLER.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer are set aside, with costs. Cause remanded, &c.

*Whitcomb*, for the state.

*Farnham*, for the defendant.

(1) The act of 1831 says, that nothing therein shall be so construed as to prevent persons over the age of 60 years from serving as grand or petit jurors. R. C. 1831, p. 292.