## THE STATE *v.* DAVIS.

*Quære*, whether the prosecuting attorney has a right to enter a *nolle prosequi* in a criminal cause after the trial has commenced? and if he has, what is the effect of such an entry upon another indictment for the same offence?
The refusal, if wrong, to admit a *nolle prosequi* in such case, is no ground for a writ of error, after a verdict and judgment for the defendant.

Nov. Term,
1837.
─────────
THE STATE
v.
DAVIS.

Although the Court may have improperly prevented the state from entering a *nolle prosequi*, or have misdirected the jury, or have admitted illegal or rejected legal evidence,—or the verdict be against evidence,—the verdict and judgment of *acquittal* on an indictment, if fairly obtained, are conclusive; and the defendant cannot be again put in jeopardy for the same offence.

*Tuesday,*
*November 28.*

ERROR to the *White* Circuit Court,

DEWEY, J.—This was an indictment for obtaining money by false pretences. Verdict of acquittal, and judgment in discharge of the defendant.

It appears by a bill of exceptions, that, after the testimony on both sides had been closed, and the defendant heard in his defence, the prosecuting attorney moved the Court for leave to enter a *nolle prosequi.* The motion was overruled, and the trial progressed.

It is contended by the state, that the prosecuting attorney had the right to enter a *nolle prosequi* notwithstanding evidence had been heard in the cause, and that to refuse him the exercise of that right was an error in the Circuit Court, which must reverse its judgment.

Whether to enter a *nolle prosequi* after the trial of a criminal cause has commenced be a right of the state? and if so, what would be the effect of such an entry upon another indictment for the same offence? are questions with regard to which we have not been able to find any satisfactory adjudication (1). But, however this matter may be, there is no difficulty in pronouncing, that although the state may have been improperly refused by the Court leave to enter a *nolle prosequi*, or the Court have misdirected the jury, or illegal evidence may have been admitted, or legal testimony rejected, or the verdict be against evidence, the verdict and judgment of acquittal on an indictment, if fairly obtained, are conclusive; and that neither by the principles of the common law, nor by the provisions of our constitution, can a defendant again be put in jeopardy for the same offence. 2 Salk. 646.—1 Wils. 298.—1 Lord Raym. 63.—4 Black. Comm. 361.—2 Hawk. P. C. ch. 47, s. 11.—4 M. & S. 337.—17 Mass. 534 (2).

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*W. Quarles,* for the state.

*A. S. White* and *R. A. Lockwood,* for the defendant.

(1) The following case on the subject, in *Massachusetts*, has been reported since the decision in the text. Indictment for arson. Plea, not guilty. The Court being of opinion on the trial, that a material fact in the indictment had not been proved, the attorney general moved to enter a *nolle prosequi*. The prisoner contended that he was entitled to a verdict.

*Per Curiam.* "There are some stages of a trial in which the right to enter a *nolle prosequi* clearly ceases; as after a verdict of manslaughter on an indictment for murder; in others, a question might be made; as after the evidence is closed, or after it has been summed up to the jury. In some cases, it should seem the cause must be taken from the jury of necessity; as if the jury cannot agree, or if one of them is taken ill, so that he cannot proceed in the trial. Suppose the principal witness suddenly absconds, or is seized with a fit, after the jury are empanelled, and so is unable to testify; it seems proper, that in such cases the Court should have power at their discretion to stop the trial. Where the indictment is defective, the prisoner is not put in jeopardy, and a verdict would be nugatory. We do not however now decide what the Court would do in any supposed case of necessity, but confine ourselves to this particular case, and to this stage of it. The prisoner is put upon his trial on an indictment for arson. A material part of the facts in issue, is whether the barn was the building of *Gay* and *Newell*, as alleged in the indictment, and the evidence produced by the government will not warrant the jury in finding that it was their building. It is a case where there is no necessity, no unforeseen cause of delay, no accident, no mistake, no extraordinary exigence. It is an ordinary case of a good indictment, in point of form, but a failure in the proof. And we think, therefore, that the prisoner is entitled to a verdict of acquittal."

The jury were instructed accordingly, and acquitted the prisoner. *Commonwealth* v. *Wade*, 17 Pick. Rep. 395.

(2) But if the defendant be found *guilty*, the Court may grant to the prisoner a new trial, even in a capital case, if the verdict be contrary to evidence, &c., though the constitution says that no person shall be twice put in jeopardy for the same offence. Ind. Const. art. 1, s. 13. *Jerry* v. *The State*, Vol. I, of these Rep. 395. That is also the practice, upon common law principles, in *Massachusetts*, *Virginia*, and *South-Carolina*. *Commonwealth* v. *Green*, 17 Mass. 515. *Commonwealth* v. *Jones*, 1 Leigh, 598.—*State* v. *Hopkins*, 1 Bay, 372.

This practice is considered by the presiding judge of the *U. S.* Circuit Court, in *Massachusetts*, to be prohibited by the fifth article of the amendments to the constitution of the *United States*, which declares that no person shall be subject, for the same offence, to be twice put in jeopardy of life or limb. The opinion of the district judge, however, is otherwise. The latter says, *inter alia*, that the article in question, "was doubtless intended for the security and benefit of the individual. As such, it may be waived and relinquished. That the request of a prisoner for a new trial, *affording a chance of escape from death to which a previous conviction would assign him*, should be rejected, from an adherence to the letter of the rule that his life would be again in jeopardy, would present an incongruity not readily to be admitted." *United States* v. *Gibert et al.* 2 Sumner, 19.

In the *U. S.* Circuit Court in *Pennsylvania*, a new trial after a conviction in a case of *treason*, was granted to the prisoner, on account of the previous declarations of one of the jurors. *The United States* v. *Fries*, 3 Dall. 515. The *U. S.* Circuit Court, in *Indiana*, expressed an opinion at the last term, that the constitutional provision above-named has no application to cases in which there

is a verdict of guilty against the prisoner.   *United States* v. *Keen, May* term, 1839.

In *England*, new trials may be granted upon the merits in cases of misde meanors after *conviction*, but not in capital cases.   1 Chitt. C. L. 654.