## THE PEOPLE *vs.* PAYNE.

An indictment for selling lottery tickets must describe the lottery as one set on foot *for the purpose of disposing of property*, according to the terms of § 27, (1 *R. S.* 665.)

A lottery which does not involve the determination of any right to property is not illegal.

INDICTMENT for selling lottery tickets, found in the Albany oyer and terminer, and sent into the mayor's court, where the defendant demurred to the indictment.   There were four counts, for selling a ticket, a quarter of a ticket, a paper purporting to be a quarter of a ticket, and for bartering a paper purporting to be a quarter of a ticket in a certain lottery not authorized by the laws of this state.   None of the counts stated for what purpose the lottery was opened or made.   The mayor's court gave judgment for the defendant on the demurrer; and the people bring error.

*E. C. Litchfield,* (district attorney) for the people

*H. G. Wheaton & S. Stevens,* for the defendant

*By the Court,* BRONSON, Ch. J.   The question is, whether the indictment should not have stated the object or purpose for which the lottery was made or carried on.   The 27th section of the statute against raffling and lotteries, (1 *R. S.* 665,) provides, that "no person, *unauthorized by special laws for that purpose,* shall,

within this state, open, set on foot, carry on, promote, or draw, publicly cr privately, any lottery, game, or device of chance of any nature or kind whatsoever, or by whatever name it may be called, *for the purpose of exposing, setting to sale, or disposing of any houses, lands, tenements, or real estate, or any money, goods, or things in action."* The 28th section prohibits the publishing an account " of any *such* illegal lottery, game or device." Then comes the 29th section, upon which this indict-ment was framed. It provides, that no person shall vend, sell or barter any ticket, or part or share of a ticket, or any paper or instrument purporting to be a ticket, or part of a ticket, " of any *such* lottery, device or game of chance, *not expressly authorized by law.*" By the words " such illegal" in the 28th section, and " such" in the 29th, we are, I think, referred to the 27th section for a description of the prohibited lottery; and to the whole of the description contained in that section. The lottery must not only be opened, or carried on by an " unauthorized" person ; but it must be done " for the purpose of exposing, setting to sale, or disposing" of some kind of property. The reference cannot be restricted to " unauthorized" lotteries, without entirely rejecting the word " such" in the 29th section. That we are not at lib-erty to do. A statute must, if possible, be so construed as to give effect to all the words which it contains; and that can be done without difficulty in this instance.

The district attorney in his able argument reads the word " lottery" in the 27th section, without any qualification in rela-tion to " the purpose" to be accomplished by it; and restricts that qualification to a " game or device of chance." But in grammatical construction, the lottery, as well as the game or device, must be for the purpose of disposing of some kind of property. And such must have been the intention of the legis-lature. The object was, to prevent gambling, or gaming for some valuable thing ; and not to punish a lottery made or drawn for mere amusement : or the determination by lot of some matter involving no right of property. The class to which a senator belongs, which fixes the duration of his office, is sometimes de-termined by lot; and so of a justice of the peace. And there is

an annual lottery in the Assembly, for the purpose of determining what seat each member shall occupy. It is true that the word "lottery" is not often used in such a sense; nor to designate any innocent amusement; and Webster defines it—"a scheme for the distribution of *prizes* by chance, or the distribution itself;" and he gives no other definition, except "allotment," which he says is "not used." But the first definition given by Johnson is, "a game of chance:" which is not indictable, unless it is played for some wager or stakes. If the word lottery does not necessarily include the idea of a disposition of *property* by chance or lot, there was then the same reason for specifying "the purpose" when speaking of a lottery, as there was when speaking of a "game or device of chance;" and the legislature has so used the qualifying words that they evidently apply alike to both classes of cases.

It is said that the reference in the 29th section may be to the 26th, which declares every unauthorized lottery a common and public nuisance, without saying any thing concerning the purpose for which the lottery was made. But the different branches of this law must be construed together; and when we see by one section that the legislature only intended to suppress and punish *gambling* lotteries, general words in another section must be read and understood with a like qualification.

As none of the counts allege that the lottery was opened &c. "for the purpose of exposing, setting to sale or disposing" of money, or any other valuable thing, the indictment cannot be supported.

Judgment affirmed