Nov. Term,
1852.

THE STATE
v.
STAKER.

THE STATE v. STAKER.

Indictment, under the R. S. 1843, against *A. B.*, containing two counts. The second, after the usual introduction, charged that the said *A. B.*, on, &c., at and in the county aforesaid, [the county of *P.*,] did then and there knowingly keep and suffer his house in which he kept his grocery to be used and occupied for the purpose of gaming at and with cards for money and other valuable articles; contrary, &c. *Held,* that the indictment was sufficient.

It is error to quash an indictment containing a good count.

Tuesday,
February 1,
1853.

ERROR to the *Posey* Circuit Court.

PERKINS, J.—Indictment against *Dow Staker*, containing two counts, each charging that said *Staker* kept and suffered his house to be used for gaming.

Both counts were quashed below.

The second count alleges that the jurors aforesaid upon, &c., " do further present that the said *Dow Staker*, on, &c., at and in the county aforesaid, [the county of *Posey*,] did then and there knowingly keep and suffer his house in which he kept his grocery to be used and occupied for the purpose of gaming at and with cards for money and other valuable articles; contrary," &c.

The decision of the Circuit Court, quashing this count, is justified by counsel on the ground that the offense charged is not set forth with sufficient certainty.

The part of section 100, p. 981, of the R. S., upon which this indictment is based, enacts that if any person shall keep his house to be used and occupied for gaming, he shall, on conviction, be fined, &c.

The count in question charges that the defendant did keep his house to be used and occupied for the purpose of gaming, &c. It sets out the offense substantially in the language of the statute, and shows further the character of the gaming for which the house was kept to be used, viz., with cards and for money, &c. This is more than sufficient as to the substance of the offense in a case like the present. *McAlpin* v. *The State*, at this term (1). But it is further objected that it does not appear that the house kept for gaming was situated in *Posey* county. We think

differently. The indictment charges, in effect, that in said county of *Posey* the defendant did there keep his house, &c. This seems to us to fix the. locality of the house with sufficient certainty in the county of *Posey*.

There being one good count in the indictment the Court erred in quashing the whole of it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. L. Robinson*, for the state.

*J. Pitcher*, for the defendant.

(1) See *ante*, p. 567.