## THE STATE *v.* DAILY.

Information, in the Court of Common Pleas, against *A.,* for retailing spirituous liquor without license. Plea, that the offence was committed before the organization of said Court and before the R. S. 1852 took effect; and that, hence, the Court had no jurisdiction thereof. Demurrer to the plea overruled, and the defendant discharged. The state prosecuted an appeal to the Supreme Court.

*Held,* that an appeal was maintainable.

*Held,* also, that the plea was sufficient.

In criminal prosecutions, error will lie on behalf of the state, in all cases, except where the defendant has had a verdict and judgment of acquittal, or has, at least, been put on trial before the Court or jury.

Nov. Term,
1854.

The State
v.
Daily.

Wednesday,
December 13.

APPEAL from the *Tippecanoe* Court of Common Pleas.

Stuart, J.—The alleged offence was retailing without license in *May*, 1852. Plea, also setting out the date of the offence, alleging that. it was not cognizable in that Court, having been committed prior to its organization, and prior to the revision of 1852. Demurrer to the plea overruled, and the defendant discharged.

Neither the terms of the Common Pleas act, nor of any part of the revision of 1852 that we are aware of, give that Court any retrospective jurisdiction. On the contrary, section 3 of chapter 92, 1 R. S. 1852, expressly provides otherwise. In relation to all offences committed under the old law, the offenders are to be prosecuted as though it had not been repealed. To that extent, and for that purpose, the old law, with all its incidents, is still in force.

It is contended that the state .has no right to have the errors committed against her in the Court below corrected in this Court. In support of the position, the case of *The People* v. *Corning*, 2 Comstock 9, is cited by counsel for *Daily*. That was an indictment for perjury, to which a demurrer was sustained. A writ of error was prosecuted by *The People* to reverse the judgment. The Court of Appeals held that after judgment for the defendant, a writ of error, in behalf of *The People*, will not lie.

This new doctrine was first announced in 1848. Up to that time the practice in *New - York* seems to have been the same as here: writs of error on behalf of *The People*, where there had not been a trial and judgment on the merits, were entertained. As late as 1846, and within a compass of two hundred pages of one of the volumes of reports, there are no less than five cases: *The People* v. *Paine*, 3 Denio 88, *The People* v. *Taylor*, *id.* 91, *The People* v. *Taylor*, *id.* 99, *The People* v. *Jackson*, *id.* 101, *The People* v. *Adams*, *id.* 190. Four of the opinions were delivered by the same distinguished judge (*Bronson*) who delivered the opinion of the Court in the *Corning* case. In two of the cases, the judgment of the inferior Court was reversed, and the offences charged being merely misdemeanors, the Court of Appeals gave judgment for *The People* on de-

murrer. These authorities and many others from the *New-York* reports are referred to and summarily disposed of—overruled—with the remark that the question had not before been made by counsel or considered by the Court, whether *The People* could properly bring error; and that such precedents were not of much importance.

In support of the new position, several *American* authorities are cited; among others, *The People* v. *Dill*, 1 Scam. Ill. R. 257, decided in 1836. It appears that *Dill* had been indicted for selling liquor without license. He answered to the indictment, was tried and acquitted. On the trial, *The People* excepted to the ruling of the Court on a question of evidence, and after judgment of acquittal, prosecuted their writ of error. To reverse such a case, and remand it for a new trial, would be clearly in violation of the provision, believed to be common to all the state constitutions, that a party shall not be twice put in jeopardy for the same offence. On such a state of facts we are not aware of any conflict of authority. But the decision in *Scammon* is of no weight in a case like *The People* v. *Corning*, where the sufficiency of the indictment alone is in question. In the one case, there was a trial and acquittal; in the other, a demurrer to the indictment was sustained. It is true that in misdemeanors, if the defendant demur to the indictment, and fail, he shall not have judgment to answer over, but the decision shall operate as a conviction. 1 Chitty C. L. 442. But the *Corning* case, being a felony, is not placed on the converse of this proposition, that a judgment in his favor on demurrer shall operate as an acquittal. The broad ground is assumed, as to all criminal cases, without reference to the facts or the pleadings.

If the *Dill* case is a sample of the other authorities—"*ex uno omnes disce*"—the *Corning* case must rest mainly on its own merits, and the high character of the tribunal in which it was pronounced, for its standing as an authority.

When a decision overrules a long series of cases, suddenly unsettling the established practice of years, without any very strong or urgent reason, and without the attainment of any very desirable object, its good policy, at least,

may well be doubted.  Even an informal stability is better than fruitless change.  It is inflicting serious injury on society when the laws are treated as though they were intended—

> "For nothing else but to be mended."

Were we to follow the new doctrine of *The People* v. *Corning*, we should overrule a series of decisions going back, it is presumed, to the organization of the state.  No case in point is to be found perhaps in the first volume of *Blackford's* reports.  But it is well understood that all the cases decided during that period are not reported, but only such as seemed of importance.  From 1817 to 1826, it is fair to presume from subsequent judicial history, that the state must have prosecuted writs of error in criminal cases.  The first case we find reported is at the *November* term, 1826—the opinion delivered by judge *Holman*.  It is *The State* v. *Mc Cory*, 2 Blackf. 5, on writ of error to the *Clark* Circuit Court.  The judgment against the state was affirmed.  In the next case—*The State* v. *Miller*, 2 Blackf. 35, error to *Floyd*—the opinion is delivered by judge *Blackford*.  The pleadings were similar to those in the case at bar.  Plea in abatement, demurrer to the plea, and in the Court below judgment for the defendant.  It was reversed and remanded for further proceedings.  All through the second and subsequent volumes of the reports, a large number of similar cases occur, the last reported case being *The State* v. *Staker*, 3 Ind. 570.  In that also the judgment was reversed and the cause remanded.

A practice thus coeval with our judicial history, applied continuously ever since, should now be regarded as the settled law of the state, not to be controlled by any authority short of a legislative enactment.

The extent to which the state is entitled to her writ of error in criminal cases, is so well understood by the profession in *Indiana*, that it is scarcely necessary to allude to it.  The motion to quash, in our practice, is not easily distinguished from the demurrer *ore tenus* of the books.  1 Chitty Crim. L. 443.  This motion is the usual mode adopted to test the sufficiency of the indictment.  If the

Court below sustain such motion, the state is entitled to her writ of error. For the defendant had not answered to the merits—had not put himself upon the country. Sustaining the motion to quash could not be made the basis of a plea of *autrefois acquit*. To reverse and remand the case for further proceedings, therefore, does not put him in jeopardy a second time. It is only when the defendant has had a verdict and judgment of acquittal, or, at least, been put on trial before the Court or jury, that the state is denied her writ of error. *The State* v. *Davis*, 4 Blackf. 345, and note. Accordingly, *The State* v. *Burris*, 3 Texas 118.

Nor could the state except to any erroneous ruling against her in the progress of the trial. This placed the prosecuting officer too much in the power of the Court, and was felt to operate oppressively and injuriously in the administration of justice. Hence, in the revision of 1852, that inconvenience is remedied. R. S., vol. 2, p. 377.— *Id.* 381. Thus the rule which this Court has so long and so beneficially for the administration of the criminal law, held, as to the right of the state to bring error, has been sanctioned and extended by the legislature; not to effect a reversal of the particular case, but to furnish a binding and uniform rule of decision for the future.

*Per Curiam.*—The judgment is affirmed.

*L. Reilly*, for the state.

*I. Naylor*, *R. C. Gregory*, and *R. Jones*, for the appellee.