## THE STATE v. J. J. PETERS.

1. PERJURY—AUTHORITY TO ADMINISTER THE OATH.—In an indictment for perjury, in a trial before a justice of the peace in an action of forcible entry and detainer, it is not essential to set out a copy of the commission of the justice, or to allege how his jurisdiction attached to the case, it being sufficient as to his authority to administer the oath to allege that he was a justice of the peace and had jurisdiction to try the case.
2. See discussion of requisites in an indictment for perjury.

APPEAL from Cass. Tried below before the Hon. James H. Rogers.

*G. W. Smith*, for State.

*Penn & Todd*, for appellee.

MOORE, ASSOCIATE JUSTICE.—The essential constituents of the crime of perjury, as defined by the Criminal Code, are, 1, the making of a false statement, either written or verbal; 2, said statement must be deliberately and willfully made; 3, it must relate to something past or present; 4, it must be made under the sanction of an oath, or affirmation equivalent by law to an oath; 5, the oath or affirmation must be legally administered, under circumstances in which it is required by law, or is necessary for the prosecution or defense of a private right, or for the ends of public justice.

If, from the matters alleged in the indictment, it is found that these constituents of the offense are charged in plain and intelligible words, it is all that is required. It is not to be understood, of course, that it is sufficient merely to charge the defendant with guilt of the constituents of the offense; that would be simply to set out in the indictment the elements or definition of an offense. The indictment must state the acts and things done and said by the defendant, with such facts and circumstances connected with them, with such fullness and particularity for it to appear plainly and intelligibly that the matter wherewith he is charged contains these essential constituents in the definition of the offense.

Does the indictment in this case satisfy these requirements? is the question for our determination. Unquestionably the indictment sets out, with sufficient clearness and detail, a statement in writing relating to a matter in the past, and charges the same to have been deliberately and willfully made by defendant, with a proper traverse of its truth. If the alleged statement was made under the sanction of an oath legally administered, it is apparent from the circumstances under which it was administered

that it was required by law, and necessary for the prosecution of a private right. It only remains, therefore, to inquire whether the statement was made under the sanction of an oath, and if so, whether such oath was legally administered.

It is charged in the indictment that the statement in question was made under the sanction of an oath administered by E. M. Griffin, a justice of the peace, in a proceeding of forcible entry and detainer instituted before said justice. It is a matter of judicial knowledge that justices of the peace have jurisdiction of cases of this character. The court knows, in like manner, that justices of the peace are authorized to administer oaths, when required by law, in the inception or progress of causes of which they have jurisdiction. The indictment cannot therefore be held defective, unless it is essential to show that Griffin was in fact a justice of the peace, by setting forth a copy of his commission, or to aver that the proceeding in question was within this particular justice's jurisdiction.

Through force of precedents it had no doubt become an essential and necessary averment, in indictments for perjury in the English courts prior to the statute of 23 Geo. II, ch. 11, to charge that the oath on which the perjury is assigned, to have been taken before an officer authorized by law to administer it, and to show his authority for doing so by setting out in the indictment a copy of his commission. But these precedents have never been followed or held of force in this State. This statute, as says Bishop, was not enacted to change the common-law form of indictments, but to get rid of prolix and embarrassing forms under which the better common-law form of indictment for this offense had been obscured and superseded by a series of precedents which tended much more to facilitate the escape of offenders than the security of innocent parties improperly indicted. (The State *v.* Hayward, 1 Nott & McC., 546; The King *v.* Callanan, 13 Eng. Com. Law, 57.)

The averment in the indictment of the fact, without setting out his commission, being sufficient to show that Griffin was a justice of the peace, the court judicially knows that he was authorized to administer the oath, if he had jurisdiction of the particular case alleged to have been instituted before him by the complaint on which the perjury has been assigned. That it is unnecessary to allege that the justice had jurisdiction, by reason of the parties or the subject-matter of the suit being within the territory to which his jurisdiction extended, is clear, and it has been often so held where the particularity of the former English precedents to which we have adverted is not required. (Commonwealth v. Knight, 12 Mass.; State v. Newton, 1 Green, 160; People v. Phelps, 5 Wend. 9; 6 Ind., 9.)

The formal conclusion usual in indictments of this kind is a mere deduction by the pleader from the necessary averments which precede it, and gives no aid to them if they are insufficient. It is not therefore essential, and its omission cannot be regarded as fatal.

For the error of the court in sustaining the exceptions to the indictment, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.