Dunn & Dunn, for appellee.

———

## THE STATE OF INDIANA v. FRANK PANCAKE.

*Criminal Law—Indictment.*—An indictment charging that defendant did, from the 20th day of October, 1880, and on divers other days between that day and the day of making the presentment, keep his said room and tenement to be used for gaming, is a distinct and substantive charge under the first branch of Sec. 24 of the misdemeanor act.

Filed June 17, 1881.

Appeal from Bartholomew Circuit Court.

Opinion of the court by Mr. Justice Elliott.

The State appeals from a judgment entered upon a ruling sustaining a motion to quash an indictment preferred against the appellee by the grand jury of Bartholomew county.

The charge against the appellee is thus stated in the indictment: "That the said Frank Pancake, late of said county, on the 20th day of October, 1880, and on divers other days between that day and the day of making this presentment, he, the said Frank Pancake, being the tenant and manager of a certain room and tenement in the city of Columbus, Indiana, in said county and State, did then and there unlawfully keep his said room and tenement to be used for gaming, by then and there suffering and permitting one Rudolph Seibert, one Albert Stebbens, one Jerry Williams, one Daniel McCarger, and divers other persons whose names are unknown to the grand jury, to play at certain games of cards called poker, for money and other articles of value."

The indictment is based upon the 29th section of the misdemeanor act stated, which contains the following provision: "If any person shall keep or suffer his or her building, booth, shed, or tenement to be used for gaming, he shall be fined, etc." This section received a construction by this court in *Soule* v. *The State,* 11 Ind. 492, where it was said, Worden, J., speaking for the court: "The first branch of the section contemplates two offenses, first, the keep-

ing of a building, etc., for gambling ; second, suffering gambling in his building, etc." The indictment under consideration in the case in hand charges the offense defined in the first branch of the section under mention, that of keeping a house for gambling. We think the offense is well and sufficiently charged. It is alleged that the appellee did, from the 20th day of October, 1880, and on divers other days, between that day and the day of making the presentment, keep his said room and tenement to be used for gaming. This was a distinct and substantive charge, and was sufficient without aid from the averments which followed it.

It is not necessary to aver in an indictment for keeping a house for gambling, that any gambling had actually taken place. In *Soule* v. *State, supra*, it was said : " Under the first branch of the section for keeping a house for gambling, there need be no averment that gambling had actually taken place." This doctrine is well sustained by the adjudged cases : *The State* v. *Miller*, 5 Bkf. 502 ; *State* v. *Staker*, 3 Ind. 570 ; *Dormes* v. *State*, 2 Id. 308 ; *Muemiller* v. *State*, 11 Id. 516 ; *Prescott* v. *State*, 33 N. H. 212 ; *Stoltz* v. *People*, 4 Scam. 169. The time which the house or room was kept for gambling was sufficiently charged. *McAlpine* v. *State*, 3 Ind. 567. It would have been sufficient to have shown that the house was kept for gambling purposes for one day. *Crogan* v. *State*, 8 Iowa 523.

The indictment was not rendered bad by the averment of the kind of games played, and the statement of the names of the persons by whom the games were played. It was not necessary to state the character of the games played, or the names of the persons by whom they were played. *State* v. *Dole*, 3 Bkf. 294 ; State, The 9 Tex. 322 ; *Carpenter* v. *State*, 14 Ind. 109. The allegations of the character of the games played, and the statement of the names of the persons who played them, are, however, mere matters of surplusage, and do not vitiate the indictment.

The court erred in sustaining the appellee's motion to quash the indictment.

Judgment reversed at costs of appellee.

W. W. Thornton, W. C. Duncan, for appellant.