[No. 3349.]

### NED ANDERSON *v.* THE STATE.

1. PERJURY — INDICTMENT.— To charge perjury committed at the trial of a criminal cause the indictment must affirmatively show that the court which tried the cause had jurisdiction thereof, and this may be done either by a direct allegation to that effect or by the allegation of facts which manifest the jurisdiction.

2. SAME — CASE STATED.— The indictment in this case charged that the perjury was committed before a justice of the peace in a cause wherein the State was plaintiff and one W. the defendant, and in which the said W. was charged with "unlawfully carrying a pistol;" but the indictment does not directly aver that the justice had jurisdiction of said cause, nor does it allege facts which manifest that he had jurisdiction of it, either as a court of *oyer et terminer* or as an examining court. One of the offenses included in the general charge of "unlawfully carrying a pistol" is not within the proper jurisdiction of justices of the peace, inasmuch as it may be punished by fine of more than $200; and the indictment in this case does not show whether this or some other of the offenses of "unlawfully carrying a pistol" was the offense charged against the said W. *Held*, that the indictment is fatally defective because it fails to allege jurisdiction in the justice's court wherein the perjury is charged to have been committed.

APPEAL from the District Court of Henderson. Tried below before the Hon. F. A. Williams.

The case is sufficiently disclosed in the opinion. A term of five years in the penitentiary was the punishment assessed against the appellant.

*W. A. Stewart,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. An indictment for perjury committed upon a criminal trial must show affirmatively the jurisdiction of the court over such criminal trial, or it will be fatally defective. This may

be shown either by a direct allegation that the court had jurisdiction of the cause, or by the allegation of facts from which the jurisdiction, in law, would appear. Either mode of disclosing the jurisdiction will suffice. (*State* v. *Webb*, 41 Texas, 67; *State* v. *Oppenheimer*, Id., 82; *Cox* v. *The State*, 13 Texas Ct. App., 479, for a precedent in such a case held sufficient; *State* v. *Peters*, 42 Texas, 7; *State* v. *Plummer*, 50 Me., 217; 2 Whart. Cr. Law, § 1290.)

In this respect the indictment in this case is fatally defective. It charges that the perjury was committed before a justice of the peace in a cause wherein the State of Texas was plaintiff and Green Wright was defendant, wherein Green Wright was charged with "unlawfully carrying a pistol." There is no allegation that the justice of the peace had jurisdiction of said cause. Sufficient facts are not averred to show affirmatively and distinctly that the justice did have such jurisdiction. There is more than one offense included in the terms "unlawfully carrying a pistol" (Penal Code, arts. 318–320), and one of the offenses so included is not within the jurisdiction of a justice of the peace to try and finally determine, because it may be punished by a fine exceeding $200. (Penal Code, art. 320; Const., art. V, sec. 19; Code Crim. Proc., art. 897.) It cannot be determined from this indictment which one of the offenses of "unlawfully carrying a pistol" the said Green Wright was charged with, and hence it cannot be said, from the allegations in the indictment, that the justice of the peace had jurisdiction to try and finally determine the cause. He might or he might not have such jurisdiction. If the offense with which Wright was charged was that named in article 318 of the Penal Code, the justice had jurisdiction. If it was the offense named in article 320 of the Penal Code, he did not have jurisdiction, except as an examining court, and it is not averred that the justice was sitting as an examining court.

We are not at liberty to infer anything in support of the indictment. But, if we could indulge in inferences, we would have to conclude from the facts stated in the indictment that the particular offense with which Wright was charged was that named in article 320, unlawfully going into a social gathering, having a pistol about his person, and that the justice was not sitting as an examining court in the trial of Wright upon said charge, and was therefore without jurisdiction of the cause.

The indictment being fatally defective the judgment is reversed, and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered April 18, 1885.]