## J. H. WATERS v. THE STATE.

*No. 3836.    Decided October 24.*

1. **Perjury—Indictment—Affidavit Before Justice of the Peace.**—Where the perjury assigned in an indictment is an affidavit made before a justice of the peace, it is only necessary to allege, in so far as the official character and capacity of the officer is concerned, that he was "a justice of the peace," and "that he was then and there duly and fully authorized by law to administer oaths." And though our Constitution and laws (Const., art. 5, sec. 19; Sayles' Civ. Stats., art. 1535) make justices of the peace also *ex officio* notaries public, it is unnecessary to describe them as *ex officio* notaries unless their action has been that of a notary as contradistinguished from that of justice of the peace.

2. **Same.**—Where an indictment for perjury alleged that the affidavit upon which the perjury was assigned was made "under circumstances in which an oath is required by law," and further alleged that it was made for the purpose of securing the probate and allowance of a note and mortgage as a valid claim against the estate of one C. Mc., the decedent; *held*, that the allegation sufficiently avers the fact that C. Mc. was dead.

3. **Same—Purport and Tenor Clauses—Repugnancy—Jurat of Justice of the Peace.**—Where the indictment charged that the affidavit in writing upon which the perjury was assigned was made and executed by W. before J. J. L., "acting as justice of the peace and *ex officio* notary public, and which affidavit as set out *in hæc verba* showed the jurat to same to be signed 'J. J. L., J. P. Prec. No. 5, Bell County, Texas,'" *held*, that there was no fatal repugnance between the purport and tenor clauses, because the descriptive allegation that the justice of the peace was also notary public was unnecessary, and can be treated as surplusage.

4. **Same—Evidence Insufficient.**—Where the perjury was assigned upon an affidavit authenticating a claim against a decedent's estate, and the evidence relied upon by the prosecution and unsupported by other testimony was a release of said claim in writing, previously executed by said affiant; and furthermore, where affiant in his own behalf as a witness explained the circumstances for which the release was executed, *held*, that the evidence was insufficient to support a conviction for perjury under article 745, Code of Criminal Procedure, which requires two witnesses or one with corroborating circumstances to sustain a conviction.

5. **Verdict.**—By article 745, Code of Criminal Procedure, it is provided that "in all cases where two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled the court should instruct the jury to render a verdict of acquittal, and they are bound by the instruction."

6. **Verdict of Acquittal—Duty of the Court.**—See facts for a case under which it became the duty of the court to instruct the jury to render a verdict of acquittal.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

This appeal is from a conviction in the court below for perjury, and punishment assessed at five years in the penitentiary. The charging portion of the indictment is as follows:

"That J. H. Waters, late of the county of Bell, on the 5th day of November, in the year of our Lord one thousand eight hundred and ninety, with force and arms, in the county of Bell and State of Texas, did then and there make his personal appearance before J. J. Lowery, the said J. J. Lowery being then and there a justice of the peace within and for Bell County, Texas, and *ex officio* notary public within and for said county, and as such officer he, the said J. J. Lowery, was then and there duly and fully authorized by law to administer oaths, and the said J. H. Waters having so made his personal appearance before said J. J. Lowery, did then and there take his corporal oath, and was then and there by said J. J. Lowery, acting as such justice of the peace and *ex officio* notary public, duly sworn, said oath being then and there so administered, under circumstances in which an oath is required by law, and was then and there necessary to the prosecution of a private right, and he, the said J. H. Waters after being so sworn as aforesaid, and then and there under the sanction of said oath did then and there deliberately, willfully, and knowingly make a certain false voluntary statement, oath, and affidavit in writing and signed by him, and then and there relating to something past and also relating to something present, and being a written statement, affidavit, and oath material to the matters in relation to which the same was then and there material, in this, to enable and for the purpose of enabling the said J. H. Waters to prove up according to law the following note and claim for money against the estate of Cora McMahon, deceased, which note and claim for money is as follows, to-wit:

"$300.00 · "NOVEMBER 1, 1887.

"On or before November 1 after date I promise to pay to the order of J. H. Waters $300 at Temple, Texas, with interest at 12 per cent from date, for value received. Due November 1, 1888.

"CORA McMAHON.

"And said oath, sworn statement, and accompanying affidavit in writing attached to said note and claim for money against the estate of Cora McMahon, deceased, is as follows, to-wit:

"*The State of Texas, County of Bell.*—Before me, the undersigned authority, on this day personally appeared James H. Waters, who after being by me duly sworn, upon his oath says that the foregoing and above attached note against Cora McMahon, deceased, is within the

knowledge of affiant just and true, and that all legal offsets, credits, and payments thereto have been fully allowed.

"JAMES H. WATERS.

"Subscribed and sworn to before me, this 5th day of November, A. D. 1890.                                "J. J. LOWERY,

"J. P. Precinct No. 5, Bell County, Texas.

"Whereas, in truth and in fact the said above and foregoing note against Cora McMahon, deceased, is not, within the knowledge of said J. H. Waters, just.

"Whereas, in truth and in fact the said above and foregoing note against Cora McMahon, deceased, is not, within the knowledge of the said J. H. Waters, true.

"Whereas, in truth and in fact the said above and foregoing note and claim against Cora McMahon, deceased, is not, within the knowledge of the affiant (J. H. Waters), just and true. Which said statements (and each and all of said statements) so made by the said J. H. Waters as aforesaid, were willfully and deliberately false, and he, the said J. H. Waters, then and there well knew the same to be false when he made them, against the peace and dignity of the State."

The opinion of the court sufficiently states the facts necessary to an understanding of the ruling made.

*Harris & Saunders, Saunders & Durrett, McMahon & McMahon,* and *Monteith & Furman,* filed an able printed brief, in which they claim that the court erred in overruling their motion to quash the indictment on each and all of the nine different grounds stated in said motion, citing numerous authorities.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—A motion to quash the indictment in this case contained nine grounds of objection to its validity and sufficiency. The first two refer to the allegation with reference to the officer before whom the alleged false affidavit was made. In the first, it is objected that the indictment fails to show that the officer was authorized by law to administer oaths. This objection is answered fully by the allegation, that "He (the said J. J. Lowery) was then and there duly and fully authorized by law to administer oaths." It had been previously alleged that said J. J. Lowery was a justice of the peace within and for said Bell County. The allegation that the officer was a "justice of the peace" was sufficient as to his official capacity. The State v. Peters, 42 Texas, 7; Stewart v. The State, 6 Texas Ct. App., 184; Bradberry v. The State, 7 Texas Ct. App., 375; Sayles' Civ. Stats., art. 4.

But secondly, it is objected that the indictment is contradictory and uncertain upon its face, in this: It charges that an affidavit in writing was made and signed by Waters before J. J. Lowery, acting as justice of the peace and *ex officio* notary public, while the jurat to the affidavit, which is set out *in hæc verba* in the indictment, is signed "J. J. Lowery, J. P. Precinct No. 5, Bell County, Texas." It is insisted that because the jurat fails to show that J. J. Lowery was, as alleged, also *ex officio* notary public, as well as justice of the peace, therefore the repugnance is fatal. If the repugnance between the purport and tenor clauses of the indictment had related to Waters, the party charged with the perjury, then perhaps, indeed, the objection would have been fatal to the validity of the indictment. Westbrook v. The State, 23 Texas Ct. App., 401, 402; 2 Lead. Crim. Cases, 2 ed., pp. 101, 102.

With regard to descriptive allegations of an indictment, if the indictment be set out subsequently *in hæc verba*, it has been held in some of the courts of England that the descriptive allegation contrary or repugnant to the tenor of the instrument as set out may be treated as surplusage. 2 Lead. Crim. Cases, 2 ed., p. 103. This, however, does not appear to be the rule in Texas, which is, if a pleader in a perjury case sets out the oath more minutely than he need, or needlessly describes the manner in which it was administered, such matter can not generally be rejected as surplusage, and if the proof and averment do not correspond the proceedings will fail by reason of the variance. Massie v. The State, 5 Texas Ct. App., 81; 2 Bish. Crim. Proc., 7 ed., sec. 910. It is to be noted, however, in the case in hand, that there can not be said to be a fatal repugnance between the purport and tenor clauses as to the official status and functions of the officer administering the oath, though the purport clause describes him as justice of the peace and *ex officio* notary public, and further alleges that he administered the oath acting as such justice of the peace and *ex officio* notary public. These allegations are not controverted or disproved by the officer's signature to the jurat as set out *in hæc verba*, for he signed the jurat as "J. P. Precinct No. 5, Bell County, Texas," simply omitting his further designation as *ex officio* notary public. It was unnecessary that the pleader should have designated him as *ex officio* notary public, because, as stated above, it was simply essential to allege that the oath was taken before him as a justice of the peace—a justice of the peace being authorized to take such affidavit. Sayles' Civ. Stats., art. 4. There being no repugnance between the purport and tenor clauses of this indictment, the only effect produced by the allegation that he was also notary public (if it could not be treated as surplusage) would have been to have required the pleader on the trial to prove that he was *ex officio* a notary public of Bell county. Our law constitutes him *ex officio* a notary public in addition to and by virtue of the fact that he is a justice of the peace. Const., art. 5, sec. 19; Sayles' Civ. Stats., art. 1535. It ap-

pears from the foregoing that while such objection might have been good upon the ground of variance between the allegation and the proof, it could not be properly held to be a repugnancy between the purport and tenor clauses of the indictment, the tenor being simply and only a less full and complete description of his official capacity than that contained in the purport clause.

The third, fourth, fifth, and sixth grounds of the motion to quash the indictment are, in our opinion, directly contradicted by the averments in that instrument.

The seventh ground of the motion is in effect that the indictment fails to charge in direct and positive terms that Cora McMahon was dead, that her estate was in process of administration, and that the affidavit was made for the purpose of securing its allowance as a valid claim against the estate, as required by law. We think this objection is not well taken. The affidavit was material, and is in effect averred to have been made for the purpose of enabling said J. H. Waters to establish according to law the note and claim against the estate of Cora McMahon, deceased. We think this allegation sufficiently avers the fact that Cora McMahon was dead, and that the claim was sought to be established as a valid one against her estate by said affidavit, it having been previously alleged that said affidavit was administered "under circumstances in which an oath is required by law."

The eighth objection is, that the indictment does not properly negative the truth of the matters stated in the allegation at the time said false affidavit is alleged to have been made. This objection is in our opinion hypercritical. We think it is fully met by the following allegation, viz.: "Which said statements (and each and all of said statements) so made by the said J. H. Waters, as aforesaid, were willfully and deliberately false, and he (the said J. H. Waters) then and there well knew the same to be false when he made them."

As to the ninth objection, we are of the opinion that the same is not maintainable, but on the contrary the indictment does show with sufficient certainty that the affidavit was made with reference to the note, and not only so, but was attached to and became a part of said note after the same was made by said Waters. This disposes of all the objections to the indictment, and we hold that the indictment is good and sufficiently sets forth a charge for perjury upon the matters therein assigned as perjury.

The only other question we deem necessary to discuss in this case is the sufficiency of the evidence to sustain the verdict and judgment. Concisely and succinctly stated, the inculpatory evidence amounts to about this: Defendant held a note and mortgage, which were executed by Cora McMahon in her lifetime to him, for $300. After her death, in order to authenticate said claim as a valid and subsisting one against her estate, he made the affidavit upon which the perjury is as-

signed. At the trial, to sustain the allegations of the indictment, the prosecution introduced in evidence the following instrument in writing executed by appellant on the same day on which the note and mortgage were executed by Cora McMahon to him, to-wit:

"*State of Texas, Bell County.*—Know all men by these presents, that I, J. H. Waters, of the State and county aforesaid, do by these presents acknowledge that the mortgage executed jointly with a promissory note of even date herewith for the sum of $300 was executed by Cora McMahon simply to protect her from her creditors until she could arrange so as to settle with them without any sacrifice; that said note and mortgage were executed without any lawful consideration, hence are null and void. Witness my hand, this the 1st day of November, A. D. 1887.　　　　　　　　　　　　　　　　"J. H. WATERS."

This instrument was acknowledged by defendant in his testimony at the trial to have been executed by him, but he explained the objects and purposes for which it had been executed, and stated in effect that the same was never intended, as between him and Cora McMahon, as a release of her liability upon said note, but solely for the purpose of protecting her against creditors, and enabling her to execute certain bonds in court in cases where she was or might be required to give bond, and that it was so understood between them at the time it was executed, and up to the date of her death.

This is the extent of the inculpatory evidence as the record presents it to us. Our statute provides, that "in trials for perjury no person shall be convicted except upon the testimony of two credible witnesses, or one credible witness corroborated strongly by other evidence as to the falsity of defendant's statements under oath, or upon his own confession in open court." Code Crim. Proc., art. 746. The admission by defendant of his execution of the instrument above set out, taken in connection with his explanation, certainly does not amount to a confession of guilt in open court. This being so, then his guilt is simply an inference of fact to be deduced from the circumstances of the execution of the papers between himself and Cora McMahon, and the case would be one dependent purely upon circumstantial evidence. Under our code a conviction for perjury can not be had upon purely circumstantial evidence. Maines v. The State, 26 Texas Ct. App., 14; Kemp v. The State, 28 Texas Ct. App., 519.

But should this case be held to be one not dependent upon circumstantial evidence, then it simply amounts to this, that we have two statements made by defendant, one the written release, not under oath, and explained by his uncontroverted testimony at the trial, and the other his affidavit or statement under oath, upon which the perjury is assigned. Such being the case, the law, as announced by this court in

Brooks v. The State, 29 Texas Court of Appeals, 582, where a similar question was discussed, is: "If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner, and nothing more, he can not be convicted; for if the one was delivered under oath it must be presumed, from the solemnity of the sanction, that that declaration was true, and the other an error or falsehood, though the latter, being inconsistent with what he has sworn, may form important evidence with other circumstances against him. And if both the contradictory statements are delivered under oath, there is still nothing to show which of them is false, where no other evidence of falsity is given." 1 Greenl. Ev., 13 ed., sec. 259; Dodge v. The State, 24 N. J. Law, 455; 2 Whart. Crim. Law, sec. 2275, 2 Bish. Crim. Law, sec. 1005.

In Schwartz v. Commonwealth, 27 Grattan, 1025, this question is discussed in an able opinion by Staples, J., and it was held on a trial for perjury, evidence simply that the defendant had at one time sworn to one statement of facts, and afterward changed his testimony, and, admitting that he had sworn falsely, testified in direct contradiction of his first statement, is not sufficient to justify his conviction. The prosecutor must prove which of the two statements is false, and must corroborate the true statement of the prisoner by independent evidence other than by his own statements or declarations. And in that case he cites Reg. v. Wheatland, 8 Car. & P., 238; Reg. v. Hughes, 1 Car. & K., 519; Jackson's case, Lew. Crim. Cases, 270; 2 Russ. Crimes, 651, 652; Rosc. Crim. Ev., 767, 768; The State v. Buckley, 18 Ore., 228.

By article 745, Code of Criminal Procedure, it is expressly provided, that "in all cases where two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they shall be bound by the instruction." In this case the defendant requested the court to charge the jury as follows, to-wit: "The jury are instructed that the evidence in this case as to the falsity of defendant's statements under oath as charged in the indictment consists only of the written release or statement of the defendant, and is not strongly corroborated by other evidence as to the falsity of the statement under oath, and the jury must find the defendant not guilty." This instruction the court should have given, and it was error to refuse the same. Willson's Crim. Stats., sec. 2459.

Because in our opinion the evidence is not sufficient to support the verdict and judgment, and because the court erred in refusing to instruct the jury to render a verdict of not guilty, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.