Wheelee, J.
Hillery B. Bush was indicted at the spring term, 1845, of the district court, under the second section of the act of 5th February, 1840 (4 Stat. 99, 22), for beeping a tippling house.
The jury found the defendant “guilty,” and a motion was made in arrest of judgment. The motion was refused, and the questions arising' thereon as to -the legal sufficiency of the indictment were reserved by the judge for revision here.
The indictment charges that the defendant, on a day specified, “kept a tippling house, by retailing spirituous liquors in quantities less than one quart, without having first obtained a license therefor.”
By the motion in arrest of judgment it is objected to the indictment that:
“ 1st. It does not charge said defendant with either selling or delivering any wine, rum, brandy, whisky, cordials or other description of spirituous liquors.
“2d. It charges the retailing of spirituous liquors.
“3d. There is no averment in said indictment that the defendant kept a tavern, ordinary tippling house or other description of establishment for the sale of spirituous liquors by retail.
“ 4th: There is no description of the liquors in said indictment.
“ 5th. There is no person named in the indictment to whom said spirituous liquors were sold.”
The statute provides that any person “who shall keep a tavern, ordinary tippling house or other description of establishment for entertainment or for the sale of spirituous liquors by retail, and shall sell or otherwise dispose of wine, rum, brandy, whisky, cordials or any other description of spirituous liquors, in smaller quantities than one quart, without having first obtained a license therefor, shall be liable to an indictment for keeping a tippling house.” ,
It will be seen that the definition of the offense created by the statute is made up of several ingredients. To constitute the offense the party accused, 1st, must Iteep one of the “description of establishments” named in the statute; that is, a “tavern, ordinary tippling house or other description of establishment for entertainment or for the sale of spirituous liquors by retail;” and 2d,he must “sell, deliver or otherwise dispose of wine, rum, brandy, whisky or (some) other description of spirituous liquors in smaller quantities than one quart;” and 3d, he must so keep the “establishment” and sell the liquoi's “ without having first obtained a license therefor.” When these several ingredients concur, the offense is complete; but if either be wanting in the description of the offense, the indictment must be defective. Ho principle in the administration of criminal jurispru *(327) dence is better settled than that in an indictment for a statutory offense, the statute must be strictly pursued. It is a general rule that “ the indictment must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it.” “ It is in every case desirable to attend with the greatest nicety to the words contained in the act, for no others can be so proper to describe the crime.” 1 Chit. C. L. 281, 288; 2 Arch. C. L. 47. But if the definition and description embraced in the statute be departed from in any material respect, and any ingredient in the definition of the offense be omitted, the indictment will be bad. 1 Chit. C. L. 281, 288; 2 Arch. C. L. 47.
Will the present indictment bear the test of a comparison of its description of the offense with that given in the statute?
The description in the indictment of the offense charged is, that the defendant “ kept a tippling house, by retailing spirituous liquors.” But the statute denounces punishment only against persons who shall “keep a tavern” (or some other description of house or establishment) “for entertainment ” (or for the sale of spirituous liquors by retail), “ or shall sell ” (or deliver or otherwise dispose of) “tome” (or brandy or some other description of spirituous liquors) “m quantities smaller than one quart” etc.; or to render the statutory definition more perspicuous by selecting one instance, that for example of a tavern keeper, the description of this offense might be that he did Tteep a tavern for entertainment., and did (then and there) sell wine (to one A. B. or to a person to the jurors unknown) i/n smaller quantities than one qua/rt” etc. Or, if the offender were the keeper of a house of another description, that he “ did heap a store-house for the sale of spirituous liquors by retail/ and did (then and there) deliver wine (to A. B.) in smaller quamtities than one quart, without having first obtained a license therefor.”
It is obvious that this and the offense described in the indictment before us are not the same, but quite distinct offenses. There must be, to constitute the offense inhibited, the keeping of the establishment and the selling of the liquors without a license. But the indictment makes the “ retailing of spirituous liquors ” alone constitute the offense of “ keeping a tippling house,” for the description given is that the defendant “ kept a tippling house by retailing spirituous liquors.”
The object of the legislature doubtless was to require persons keeping establishments for and pursuing the vocation of retailing spirituous liquors, to contribute in some degree to the support of the government, by requiring of them the payment of a license tax, and to *(328) discountenance by law and dissuade men from the pernicious and demoralizing vocation of the grocery store and tavern-keeping dram-seller. That the offense imputed is not that prohibited is apparent; and we are not aware of any law constituting the offense so charged.
The indictment should allege the facts by averments direct, positive and certain, and not by way of argument and inference. The requisite degree of certainty in an indictment is well defined by Chief Justice De Grey, in Rex v. Horne, 2 Cowp. 682, to be that “ the charge must contain such a description of the crime that the defendant may know what crime it is which he is called upon to answer;” that the jury may appear to be warranted in their conclusion of “ guilty ” or not guilty ” upon the premises delivered to them; and that the court may see such a definite crime that they may apply the punishment which the law prescribes. This I take to be what is meant by the certainty mentioned in the books. And it consists in two parts — the matter to be charged and the manner of charging it. As to the matter to be charged, whatever circumstances are necessary to constitute the crime imputed “ must be set out.” And again, “ when the circumstances go to constitute a crime they must be set out.” It is otherwise when the crime alleged is such, independently of the circumstances; for then they may aggravate, but cannot constitute the offense. The character of the facts on which the question of guilt or innocence depends is to be determined by the jury. “But the jury cannot take cognizance of them unless they appear upon the record, which they cannot do without an averment.”
“ As to the matmer of making the averments in all cases, those which are descriptions of crime must be introduced upon the record by averments in opposition to argument and inference.” Id; Arch. O. Pl. 40.
There is in the indictment before us no unqualified averments that Bush kept either description of house mentioned in the act, or any establishment whatever for entertainment or for the sale of spirituoas liquors by retail; and this is one of the facts and ingredients constituting the offense inhibited by the statute; nor is it averred that he sold or delivered to any one either description of liquors specified in the act, or any description of spirituous liquors whatever; and this is another ingredient and circumstance essential to constitute the crime imputed to him. But the charge is that Bush, by doing one thing, did in fact another — that is that he, “by retailing spirituous liquors,” “kept a tippling house.” There is therefore no averment or statement, otherwise than by argument and inference, of either material fact and ingredient in the offense; but we are left to *(329) infer from the word “ retailing ” that the defendant either sold or delivered to some one spirituous liquors in smaller quantities than one quart —• and “ by retailing spirituous liquors ” it is argued that he kept a tippling house. The argument would perhaps be conclusive that the defendant did keep a tippling house, if it were not conceivable that he may have retailed spirituous liquors without keeping any house or establishment therefor.
The objection insisted on by the defendant’s counsel, that “ the act upon which this indictment is founded was repealed by the act of 16th of January, 1843” (7 Stat. 40), we do not think well taken. "We can perceive no conflict in the provisions of the two acts. The latter, by giving a quasi civil action,'is regarded as merely cumulative of and not as repealing the remedy given by the former statute. “ Tor even if a statute prohibit under a penalty an act which was before lawful, and a subsequent statute or the same statute, in a subsequent substantive clause, ordain a mode of proceeding for the penalty different from that by indictment, the prosecutor may, notwithstanding, proceed by indictment upon the prohibitory clause; or he may proceed in the manner pointed out by the statute at his option.” Arch. Cr. Pl. 2, and clause cited. Having considered the objections to the indictment presented by the motion, so far as necessary to the disposition of the case, without reference to the form or order in which they are presented, and having indicated the defects in the indictment and what averments were necessary to constitute a sufficient legal description of the offense created by the statute, it is deemed unnecessary to consider more particularly the several propositions embraced in the motion. We are of opinion that the indictment charges no crime known to the law and that therefore the motion in arrest of judgment ought to have been sustained. The case reserved must be remanded with instructions to arrest the judgment; and for such further proceedings as to the law may appertain.