THE STATE V. MATHIAS LINDENBURG.

In an indictment for perjury, an averment that the defendant "well knew" the facts which he had testified not to have existed, instead of an averment simply negativing his oath, is good.

In an indictment for perjury, it is sufficient if the defendant is charged with having sworn falsely to one material fact, and that the perjury as to that fact is sufficiently assigned.

Appeal from Bastrop. The defendant was indicted at the Fall Term, 1854, of the District Court of Bastrop county, for committing perjury upon the trial, at the Fall Term, 1853, of the same Court, of one Chancy Johnson for gaming. The defendant moved to quash the indictment on various grounds. His motion was sustained, and the State appealed. That part of the indictment which averred the materiality of the statement and its falsity was as follows : " And the grand jurors " aforesaid, on their oaths aforesaid, further present, upon the " trial of the said issue, so joined between the said State of " Texas and the said defendant Chancy Johnson, upon the " said indictment, it then and there became and was a mate- " rial question, whether the said table which the indictment " aforesaid charged the said Chancy Johnson with betting at, " was called Bagatelle and was a table exhibited for gaming, " and whether money had been bet upon a game played on " said table as was alleged in said indictment against the said " Chancy Johnson ; and the grand jurors aforesaid upon their " oaths aforesaid do further present that the said Mathias Lin- " denburg, so sworn as aforesaid, not having the fear of God " before his eyes, nor regarding the law, being moved and se- " duced by the instigation of the devil, and contriving and in- " tending to pervert the due course of law and justice, and " unjustly to aggrieve the State of Texas and the public, in " the said issue, and to deprive the said State of Texas and " the public of the benefit of the said indictment, then and

"there on the trial of said issue, upon his oath aforesaid,
"falsely, corruptly, knowingly, wilfully and maliciously, be-
"fore the said jurors sworn as aforesaid, and before Robert J.
"Towns, Judge as aforesaid, did depose and swear (amongst
"other things) in substance in the effect following, that is to
"say, that he, the said Mathias Lindenburg never saw any
"money bet upon any game played upon said table as kept
"in his said Lindenburg's house; that said table was not a
"table exhibited for the purpose of allowing persons to bet
"upon it as charged in the indictment against the said John-
"son as aforesaid; when in truth and in fact, the said Mathi-
"as Lindenburg, at the time he took the said oath on the trial
"of said indictment of the State of Texas against the said
"Chancy Johnson, and at the time he deposed on the trial
"thereof, well knew all the facts constituting the charge in
"said indictment, and that he then and there well knew that
"he had seen persons betting money upon a game played
"upon said table, and that said table was exhibited for the
"purpose of allowing persons to game and bet upon it, and
"that he had heard the game called Bagatelle and had him-
"self so called it."

*Attorney General*, for appellant.


WHEELER, J. The defendant was indicted for perjury com-
mitted in giving testimony on a trial upon an indictment for
betting at a certain gaming table. The defendant moved to
quash the indictment, and his motion was sustained. Of the
several causes assigned in support of the motion to quash,
there is but one which seems to us at all deserving of notice;
that is, that in the assignment of the perjury, instead of sim-
ply averring the negative of the oath, the indictment, in this
connection, also avers the knowledge of the defendant of the
matter specially averred as the converse of the oath. Thus,
it is averred, that it was a material fact upon the trial that the

table was exhibited for gaming; that the defendant falsely swore that it was not so exhibited, and instead of averring simply the negative of the oath, that, in truth, it was so exhibited, the averment is that the defendant "well knew" that the table was exhibited for gaming.   As observed by the Attorney General, though it was not necessary in connection with the special averment negativing the oath, to aver also the defendant's knowledge, which was elsewhere sufficiently charged, the averment in this connection did not impair the force or effect of the special averment of fact, in which it was introduced; and surely it did not vitiate the indictment.

Nor was it necessary that the defendant should have been charged with swearing falsely as to every matter of fact material to be proved upon the trial.   It is enough that he is charged with having sworn falsely to one material fact, and that the perjury as to that fact is sufficiently assigned.   The indictment appears to contain every averment necessary to charge the defendant with the crime of perjury; and we are of opinion that the Court erred in sustaining the motion to quash.   The judgment is therefore reversed and the cause remanded for further proceedings.