## JUARAQUI v. THE STATE.

The 287th article of the Penal Code reads as follows: "Perjury is a false statement, either written or verbal, deliberately and willfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice." (Paschal's Dig., Art. 1909, Note 629.) The indictment ought to charge that the defendant swore "deliberately and falsely."

It is always safer to use the words which the legislature has deemed the most appropriate to describe the offense than to undertake to substitute others of equivalent meaning.

An indictment is insufficient which does not aver that the defendant swore falsely. (Penal Code, Art. 287; Paschal's Dig., Art. 1909, Note 629.)

In an indictment for perjury the falsity of the statement ought to appear by averment, and should not be left to be deduced by argument and intendment. The conclusion that the defendant did "falsely, wickedly, willfully, and corruptly, in manner and form aforesaid, commit willful and corrupt perjury," is not sufficient.

APPEAL from Cameron. The case was tried before Hon. EDMUND J. DAVIS, one of the district judges.

The defendant was indicted for perjury under the 287th Article of the Code. The indictment failed to charge that the accused deliberately and willfully swore falsely, but attempted to use equivalent words. There was a motion to quash, which was overruled, and the defendant convicted, whereupon he appealed, and the case turned upon the sufficiency of the indictment.

40—XXVIII.

Wheeler, C. J.—The indictment does not pursue the statutory definition of the offense, or use the words which the statute employs to describe it. (O. & W. Dig., p. 49, Art. 287.) The indictment ought to charge that the defendant "deliberately and willfully" swore falsely. It is always safer to use those words which the legislature has deemed most appropriate to describe the offense than to undertake to substitute others of equivalent meaning.

We think the indictment insufficient, in that it does not aver that the defendant swore falsely.

The falsity of the statement ought to appear by averment, and not left to be adduced by argument and intendment. (Thomas v. The Commonwealth, 2 Rob., 795; State v. Garland, 3 Dev., 114.)

The conclusion that the defendant did "falsely, wickedly, willfully, and corruptly, in manner and form aforesaid, commit willful and corrupt perjury," being matter of deduction from the previous averments, cannot supply the want of averments essential to the proper and legal description of the offense.

We think the defect indicated fatal to the indictment, and this dispenses with the necessity of noticing other points and grounds of reversal relied on in argument.

The judgment is reversed, and the cause

REMANDED.