THE STATE v. W. L. POWELL.

The 287th article of the Penal Code defines perjury as follows: "Perjury is a false statement, either written or verbal, deliberately and willfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice." (Paschal's

Dig., Art. 1909, Note 629.)   It is never safe to depart from the words of the statute.

An indictment for perjury must aver positively that the accused had knowledge of the falsity of the statement on which the perjury is assigned, and that he willfully and deliberately made such statement.   The facts constituting the offense must be averred directly, positively, and with certainty, and not by way of inference or argument.

The indictment against the appellee charged as set forth in the statement of the case:  *Held*, that the falsity of the statement as to the value of the property, and that the statement was made willfully and deliberately, are only inferentially and not directly averred, and consequently that the indictment is insufficient, and was correctly quashed on motion.

The indictment ought to aver that the defendant knew he had undervalued the property, and had willfully and deliberately made the false statement in reference to the value of the property rendered for taxation.

In order to constitute perjury, the oath must have been administered by some person duly authorized to administer it in the matter in which it was taken, and in the manner required by law.   (Penal Code, Art. 289; Paschal's Dig., Art. 1911.)

An assessor and collector of taxes has no general authority to administer oaths; but the 2d section of the act of February 11, 1860, (Acts 8th Leg., p. 87; Paschal's Dig., Art. 5176,) conferred on such functionaries a special and limited authority to administer the oath therein prescribed, by which the affiant was to be sworn to the value of his taxable property on the 1st day of January of the current year:  *Held*, that the act did not authorize the assessor and collector to administer to a tax-payer an oath as to the value of his taxable property on the 23d of May, when rendered for assessment, and therefore the indictment, being based on an oath administered without authority of law, was correctly quashed.

APPEAL from Johnson.   The case was tried before Hon. R. W. SCOTT, one of the district judges.

The indictment reads as follows: "That W. L. Powell, agent for Ann Powell, late of the county and State aforesaid, on the 23d day of May, 1863, with force and arms, in the county and State aforesaid, did then and there, willfully, deliberately, and wickedly contriving to cheat and defraud the State of Texas out of a portion of her revenue, and to avoid paying his just proportion of taxes levied upon personal property and real estate in said county and State, before one J. R. McKinsey, an assessor and collector for the county of Johnson, in said State of Texas, who was

duly commissioned and sworn as such, and who was duly authorized to administer oaths to the taxable inhabitants of said county and State in relation to their taxable property, made and subscribed on oath and affidavit in writing, wherein he, said W. L. Powell, agent as aforesaid, then and there swore, that the list rendered by him to the said assessor and collector was a true and correct list, and a fair and full valuation of all the taxable property of him the said W. L. Powell, agent as aforesaid, he then and there being a taxable inhabitant of the said county and State, the said affidavit to be the truth, said list being required by law of all such taxable inhabitants, and which said oath was then and there duly and legally administered by said J. R. McKinsey, assessor and collector as aforesaid, and when in truth and in fact the said list did not contain a fair and just valuation of all of said taxable property, it being worth a large amount more than it was rendered and valued at, by means of which said statement in writing as aforesaid, deliberately and willfully made by the said W. L. Powell, agent as aforesaid, was then and there guilty of willful and corrupt perjury, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

On motion of the defendant, the indictment was quashed, and the State appealed, under the 718th Article of the Code. (Paschal's Dig., Art. 3182, Note 767.)

*William M. Walton, Attorney General,* for the State.—The indictment does not charge, in specific words, the allegation that the false oath was taken in a matter "material to the issue." It is not necessary that such materality should be expressly averred, when it evidently appears on record. (Whart. Am. Crim. Law, 662, and note *k*, and authorities there cited.)

*W. H. D. Carrington,* for appellee.—No defendant can

be called upon to answer to so vague an indictment. It should either have set forth the whole matter in intelligible language, or, by positive averment, the specific falsehood complained of. It is therefore bad. (State v. Bishop, 1 Chip., 120; Commonwealth v. Cook, 1 Rob., 729; Commonwealth v. Lodge, 2 Gratt., 579.)

II. The indictment does not negative the oath of the defendant, nor does it aver that he knew the falsity of the facts testified. (Conner v. Commonwealth, 2 Va. Cas., 30; State v. Morse, 1 Greene, 503; Gatewood v. State, 4 Ham., 386.)

III. The indictment does not negative, by particular averment, any specific fact sworn to by the defendant, and it is therefore bad. (Rex v. Goodfellow, Car. & M., 569.)

IV. There in nothing in the indictment to show, either by direct averment or by necessary implication, that the specific statements sworn to were material in any way. It was therefore properly quashed. (People v. Collin, 1 Mann., 137; State v. Beard, 1 Dutch., 384; Commonwealth v. Moffat, 7 Humph., 250.)

It was held in United States v. Morgan, 1 Mor., 341, that it is not enough to allege that the defendant swore falsely to a schedule in bankruptcy. The facts should be stated specifically. To same effect are 12 Met., 225; 2 Mo., 158; 1 Nott & McCord, 546; and 2 Blackf., 278.

SMITH, J.—The appellee, Powell, was indicted for the offense of perjury, in making oath before the assessor and collector of Johnson county to the value of the list of taxable property rendered by him on that date, 23d May, 1863. On his motion the indictment was quashed for insufficiency, and the State has brought the cause here by appeal; and it is contended that the indictment was sufficient, and was wrongfully quashed.

It appears to be a well-settled principle that, in respect to the statement of the accused upon which the perjury is

assigned, it must be averred positively that the accused had knowledge of the falsity of the statement, and that he "willfully and deliberately made it." (Juaraqui v. The State, Galveston term, 1861, *ante* p. 625; 1 Robinson, 729; 8 Gratt., 579; 1 Greene, 503; 13 Tex., 27.)

The facts constituting the offense must be averred directly, forcibly, and with certainty, and not by way of inference and argument. (1 Tex., 455; 1 Dutch., 384.)

We are of opinion that the indictment in this cause, tested by these rules, is not sufficient. There is no positive averment that the defendant knew he had undervalued the property, and had willfully and deliberately made the false statement in respect to the value of the property rendered.

There are statements that the defendant, willfully, deliberately, and wickedly contriving to defraud the State out of a portion of her revenue, did, on the 23d May, 1863, make oath that the list of property rendered by him was true and correct, and "a fair and full valuation" of all his taxable property, when in truth and fact it did not "contain a fair and just valuation" of all said taxable property, it being worth a large amount more that it was rendered and valued at. By means of which said statement in writing as aforesaid, deliberately and willfully made by the defendant, he was then and there guilty of willful and corrupt perjury.

The falsity of the statement as to the value of the property, and that it was willfully made and without deliberation, are only inferentially and not directly averred, and for that reason the indictment is not sufficient.

In order to constitute perjury, the oath must be administered by some person authorized to administer the same in the matter in which the oath is taken, and in the manner required by law. (Penal Code, Art. 289.)

An assessor and collector has not a general authority to administer oaths, but has a special and limited authority, as designed in the act of 11th of February, 1860, (Acts

8th Leg., p. 87; Paschal's Dig., Art. 5176,) which reads as follows: "The 7th section of said act be so amended as hereafter to read as follows: Sec. 7. The list required under the 1st section of this act shall contain a description of taxable property in his or her own right, or held as guardian, executor, administrator, agent, or attorney, on the 1st day of January of the current year; whereupon the assessor and collector shall, and he is hereby required to, administer to each person the following oath: 'You do solemnly swear that the inventory rendered by you contains a full description of all your taxable property, owned or held in your own right, or as trustee, guardian, executor, administrator, agent, or attorney, (as the case may be,) on the 1st day of January last; and that the value assessed thereon is a fair and correct market value for the same, according to the best of your knowledge and belief.' Said inventory and affidavit shall then be signed by the party rendering the same, and shall be attested by the assessor and collector."

We are of opinion the assessor and collector had no authority to administer an oath to any statement not in compliance with the form here set forth, substantially if not literally; that the statement of the defendant, as to the valuation of the property at the date of its rendition, 23d May, 1863, was not only unauthorized in the assessor and collector to require it, but was wholly immaterial to the matter in respect to which he had authority to administer an oath. It was only material to state the value of the property on the 1st day of January, 1863, and not at all important to state what its value was on the 23d of May, 1863. For this reason the indictment is also defective. (Penal Code, Arts. 289, 290, 291; 7 Humph., 250; 1 Mich., 137.)

Other defects in the indictment are suggested, but will not be noticed.

There being no error apparent, the judgment below is

AFFIRMED.