## THOMAS ALLEN v. THE STATE.

1. PERJURY.—An indictment for perjury, since the adoption of the Penal Code, must aver that the statement upon which the perjury is assigned was *deliberately* and *willfully* made.
2. INDICTMENT.—An indictment for perjury is good if each of the essential constituents of the offense, as defined in the code, are alleged in plain and intelligible words.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

Thomas Allen was indicted and convicted of the crime of perjury, and has appealed.

*Turner & Lipscomb,* for appellant, cited Campbell *v.* The

People, 8 Wend., 636; 3 Arch. Cr. Prac., 592, 599; 2 Chit. Cr. Law, 309; 2 Starkie Rep., 423, and note; Commonwealth v. Knight, 12 Mass., 274; Commonwealth v. Cook, 1 Rob., 729; The State v. Wall, 9 Yerg., 374; 7 Humph., 250; State v Johnson, 7 Black., 49; Withers v. The State, 2 Mo., 8; 2 Black., 279; Whart., 2161, 2262; The State v. Lindenberg, 13 Tex., 29; Thomas v. Commonwealth, 2 Rob. Va., 795; Juaraqui v. The State, 28 Tex., 625.

*W. Steadman* and *W. H. Pope*, and *George Clark, Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—The appellant is charged in the indictment with " knowingly, falsely, corruptly, wickedly, and willfully " making the statements which are assigned as perjury. These adverbial words are used to define the character of the defendant's act in giving the testimony alleged to be false. They are mostly the same which are generally used for this purpose in indictments for perjury under the common law. And although it has never been held to be absolutely essential to use all of them, it must appear from such as are used, or from equivalent expressions, that the intent of the defendant in making the statements traversed in the indictment is of the character essential to constitute the offense of perjury as defined by the common law. And if the indictment is under a statute, then such of them as are statutory words defining the offense, or others of like legal import, must be used.

The words which we have quoted, although the word " maliciously," which is generally found in the forms, has been omitted, would probably have been sufficient to support the indictment at common law or under our statutes prior to the adoption of the code. (Hart. Dig., art. 2678; The State v. Luderburg, 13 Tex., 27.) By the code, however, it is said the statement upon which the perjury is

assigned must have been "*deliberately and willfully*" made. (Pas. Dig., art., 1909.) And since its adoption it has been uniformly held that these or equivalent words are absolutely essential to the validity of the indictment. (Juaraqui *v*. The State, 28 Tex., 625; The State *v*. Powell, 28 Tex., 626, and cases citing and approving these cases decided at the last term at Austin.)

The indictment in other respects is not believed to be subject to the exceptions which are taken to it. The averments introductory to the statement of the false testimony, and those which are incidental and collateral to it, such, for instance, as refer to the tribunal in which the false testimony was given, and its authority to administer the oath, the nature of the proceeding pending before it, and its jurisdiction on the same, are not, it is true, set forth in the indictment with that particularity of detail which was common in the English courts prior to the statute of 23 Geo. II, ch. 11, and in some of the American courts, where this or a similar statute is not in force. (The State *v*. Gallemore, 2 Ired., 372; Lodge *v*. The Commonwealth, 2 Grat., 579.) This particularity of statement, however, in regard to introductory matters, by way of predicate for the averment of the facts which constitute the offense, has not been customary in indictments of this kind in our courts even before the adoption of the code, since which all that is required in charging an offense is that it be set forth in plain and intelligible words; the obvious import of which is, if each of the essential constituents of the offense, as defined by the code, are alleged in plain and intelligible words in the indictment, it is sufficient. This, we believe, has been done in this indictment, except as heretofore pointed out.

The judgment is reversed.

REVERSED AND REMANDED.