## THE STATE v. JACKSON PERRY.

1. PERJURY—INDICTMENT. An indictment for perjury, which fails to charge by direct and positive averment that the false statement was deliberately and willfully made, is bad.
2. INDICTMENT—PERJURY. An indictment for perjury founded on an oath differing both in form and substance from that which the officer is authorized by the statute to administer, is bad.

APPEAL from Matagorda.   Tried below before the Hon. W. H. Burkhart.

*Geo. Clark, Attorney-General,* for the State.

REEVES, J.   In this case the State appeals from the judgment of the District Court, sustaining exceptions to the indictment and dismissing the case.

The indictment charges the defendant with perjury in returning an inventory of his property, for assessment of the taxes due thereon for the year 1874, alleging that he made oath to the inventory, and did then and there falsely, deliberately, knowingly, and feloniously swear and depose that it was a full and complete valuation and inventory of his property, on the first day of January, 1874.

The indictment negatives the truth of the statement without averring that the defendant willfully swore to the acts constituting the perjury, or using the language of the statute describing or defining that offense.

"Perjury," as defined by the code, "is a false statement " either written or verbal, deliberately and willfully made, re-" lating to something past or present, under the sanction of an " oath, or such affirmation as is by law equivalent to an oath, " where such oath or affirmation is required by law, or is neces-" sary for the prosecution or defense of any private right, or for " the ends of public justice."

The oath on which the perjury is assigned was made to the inventory, and in respect to this oath, the indictment fails to charge that the false statement was deliberately and willfully made.

The statement in the concluding part of the indictment is substantially the same as in its commencement, and it is only by inference or deduction that said statement, in which the words deliberately and willfully are used, could perhaps be said to relate to the charge that the defendant falsely and deliberately swore to the correctness of the inventory of his property and its value.

The indictment should have charged by direct and positive averment that the false statement was deliberately and willfully made without inference or deduction.

(Juaraqui *v.* The State, 28 Texas, 625; The State *v.* Powell, Id., 626.)

It is further objected to the indictment that it is not alleged that defendant swore that the inventory contained a full and complete list of all his taxable property in precinct No. 3.

The oath required of the taxpayer as prescribed by the Act of May, 1873, differs from previous statutes, and the indictment seems to have been framed with reference to them, rather than to the statute of force at the time the defendant returned the inventory and made oath thereto.

The Act of 1873 (Section 7, page 226, Gen. Laws) provides " That all property is directed to be rendered for taxation " prior to the first day of April in each year: and that the " owner or agent rendering said list or inventory shall, before " rendering the same, make oath ' that the inventory now about " ' to be rendered shall contain a full and complete list of all " ' taxable property owned by me, or held by me for others, " ' liable to assessment in this precinct, and that I will true " ' answers make to all questions propounded to me touching " ' the same. ' "

This is not the oath administered to the defendant as it is stated in the indictment.

The inventory rendered by defendant, and in regard to which he is charged with false swearing, as alleged, contained a statement of the value of the property on the first day of January, 1874, in addition to its being a full and complete inventory of his property at that time. The indictment does not charge that the property omitted was taxable property, liable to assessment in the precinct. If he had any other property than that set out in the inventory, subject to taxation, it is not shown by averment in what it consisted.

The indictment is not founded on the oath required of the taxpayer in rendering an inventory of his property for taxation,

Opinion of the Court.

and the oath averred to have been made by defendant is not the oath which the statute authorized the officer to administer. It is not in form or substance the oath prescribed by the statute, and the indictment is therefore insufficient.

(1 Paschal's Digest, Articles 1909, 1911; 2 Bishop's Cr. Law, 982 (862); Whart. Am. Cr. Law, 2253–4; Ashburn *v.* The State, 15 Ga., 246.)

There was no error in quashing the indictment, and the judgment is

Affirmed.