## Bryan Smith *v.* The State.

1. Perjury—Indictment.—In an indictment for perjury under our Code it is indispensable that the statutory words "deliberately and willfully" be used in characterizing the false statement alleged to have been made. Pasc. Dig., Art. 1909.

2. Same.—An indictment for perjury must not only conclusively show, but should affirmatively charge, that the testimony alleged to be false was material to the issue on the trial in which the testimony was given, unless its materiality be apparent on the record, or shown by the nature of the case. It is not sufficient if it only appears that the false testimony may have been material.

3. Same.—Indictment for perjury averred the material inquiry to have been "whether B. made an assault on C.," and charged that the accused, being asked where B. was standing when C. was assaulted, falsely swore that B. was near the stove, and not near C., when the latter was assaulted. *Held,* that these allegations are not sufficient to show that the false testimony was material to the issue, the indictment not stating how the assault was committed. No presumptions or inferences are allowable to supply such averments as are wanting in the indictment to show the materiality.

Appeal from the District Court of Harrison. Tried below before the Hon. A. J. Booty.

The accused, it appears, was a witness at the trial of ·Simon Bolding for an assault with an intent to murder Bright Cole, and on his testimony at that trial the charge ·of perjury was assigned in the present case. The statements constituting the perjury are disclosed in the opinion ·of this court.

*McAdoo & Russell*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State. Counsel, in their brief, declare that the evidence upon which the prisoner was convicted was sufficient to sustain the conviction, and that they appear in this court simply to test the sufficiency of the indictment.

This course upon their part is the usual one in cases of this kind, and, in following it, they but travel the well-beaten track, and one that in cases of perjury has generally reached the desired haven, as is too well exemplified by the number of cases in our own Reports where prisoners have been convicted of this disgraceful crime, and released by our own courts of last resort on the "insufficiency" of the indictments. Indeed, such has been the frequency and certainty of reversals in this class of cases that the profession have nearly despaired of being able to so frame a bill that it will stand the test of judicial scrutiny.

In support of the proposition that the indictment in this case is sufficient, the following cases are referred to: *Allen* v. *The State*, 42 Texas, 12; *Juaraqui* v. *The State*, 28 Texas, 625; *The State* v. *Powell*, 28 Texas, 627; *The State* v. *Oppenheimer*, 41 Texas, 82; *The State* v. *Peters*, 42 Texas, 7; and *The State* v. *Umdenstock*, 43 Texas, 554. I especially invite the attention of the court to the case of *Peters*, cited (42 Texas, 7). Justice Moore, in rendering the opinion, seems to have appreciated all the difficulties heretofore encountered in drawing indictments for perjury and false swearing, and has given us the essential constituents of the crime. He says:

"The essential constituents of the crime of perjury are:

"1st. The making of a false statement, either written or verbal.

"2d. The statement must be deliberately and willfully made.

" 3d. It must relate to something past or present.

"4th. It must be under the sanction of an oath.

" 5th. The oath must be legally administered, under circumstances in which it is required by law ; and if these constituents are charged in plain and intelligible words, it is all that is required."

The indictment under consideration will, I think, stand the test of these requirements.

White, J.    There were two grounds urged in the lower court upon the motion in arrest of judgment :

1st. That the indictment charges no offense against the laws of the state of Texas.

2d. Because said indictment does not charge the defendant with having " deliberately and willfully sworn falsely " to the assignment of perjury alleged in said indictment.

It is all-important in an indictment for perjury under our law (Pasc. Dig., Art. 1909) that the two statutory words " *deliberately and willfully* " shall be used in characterizing the false statement alleged to have been made.    To omit either would be fatal to the sufficiency and validity of the indictment.    *Juaraqui* v. *The State*, 28 Texas, 625 ; *The State* v. *Powell*, 28 Texas, 627 ; *The State* v. *Webb*, 41 Texas, 67 ; *The State* v. *Peters*, 42 Texas, 7 ; *Allen* v. *The State*, 42 Texas, 12 ; *The State* v. *Perry*, 42 Texas, 238. Tested as to these requisites, upon this point, we think the indictment is good, and that the 2d objection above set out was not well taken.

It is alleged and argued, however, among the other reasons in arrest of judgment, that there is no sufficient averment of the materiality of the alleged false testimony, or matter falsely sworn to by the defendant, to the question or matter which was the subject of inquiry at the trial in which the perjury was committed.

As a general rule, deducible from the leading authorities,

we think that it may be stated that an indictment for per-
jury must not only show conclusively, but should charge
affirmatively, that the testimony given by the defendant and
alleged to be false was material to the issue on the trial of
which he was sworn.    *Weathers* v. *The State*, 2 Blackf.
(Ind.) 278; *State* v. *Flagg*, 25 Ind. 243; *People* v. *Col-
lier*, 1 Mich. 137; *State* v. *Hobbs*, 40 N. H. 229; *State* v.
*Beard*, 1 Dutch. (25 N. J.) 384; *State* v. *Hayward*, 1
Nott & M. (S. C.) 546; *Pickering's Case*, 8 Gratt. (Va.)
628; *State* v. *Aikens*, 32 Iowa, 433; *Humber* v. *State*, 52 Ga.
242; *State* v. *Davis*, 69 N. C. 495; *Wood* v. *The People*,
59 N. Y. 117; *Nelson* v. *The State*, 47 Miss. 621; *Bolus*
v. *The State*, 3 Heisk. (Tenn.) 29.    The exceptions to the
rule will be given below.

Mr. Wharton, in his work on Criminal Law, says: "It
must appear upon the face of the indictment that the matter
alleged to be false was material, but such materiality need
not be expressly averred when it appears on record.    It is
sufficient to charge generally that the false oath was mate-
rial, but such materiality need not be expressly averred
when it appears on record.    It is sufficient to charge gener-
ally that the false oath was material on the trial of the issue
on which it was taken; it is not necessary to show how it
was material."    3 Whart. Am. Cr. Law, sec. 2263.    See,
also, *People* v. *Burroughs*, 1 Park (N. Y.) 223; *Rex* v.
*Souter*, 2 Starkie, 473; *Campbell* v. *People*, 8 Wend. 636;
*State* v. *Marshall*, 47 Mo. 378; *State* v. *Mumford*, 1 Dev.
(N. C.) 519.

And where the materiality of the evidence alleged to be
false is shown by the nature of the case, no express aver-
ment of its materiality is necessary.    *Hendricks* v. *The
State*, 26 Ind. 493; *State* v. *Hall*, 7 Blackf. (Ind.) 25;
*State* v. *Johnson*, 7 Blackf. (Ind.) 49; *Galloway* v. *The
State*, 29 Ind. 442; *State* v. *Biebush*, 32 Mo. 276; *Lamden*
v. *The State*, 5 Humph. 83.

Again, it has been laid down as a rule by our own supreme court that "the facts constituting the offense must be averred directly, forcibly, and with certainty, and not by way of inference and argument." 1 Texas, 455 ; 1 Dutch. (N. J.) 384 ; *The State* v. *Powell*, 28 Texas, 630.

In *Pickering's Case*, above cited (8 Gratt. [Va.] 628), the court say : "If the indictment shows on its face only that the evidence might have been material, it is not sufficient ;. it must show that it was material. For this reason we are of opinion that the materiality of the evidence given by the defendant does not sufficiently appear in the indictment." In *Weathers* v. *The State* (2 Blackf. [Ind.] 278) it is said : "A man may knowingly and corruptly swear falsely, and yet not be guilty of perjury. And the indictment, in order to allege the crime of perjury, must unequivocally aver that the facts sworn to were material." Again : "If the alle-gation of materiality in the indictment is not sufficiently broad to cover the facts sworn to by the defendant, it is just the same as if the indictment contained no allegation of the facts sworn to at all."

Now, in the case we are considering the pleader sets. forth the case as follows : "And it then and there became a material inquiry to know whether the said Simon Bolding made the assault upon the said Bright Cole, as charged against him ; and the said Bryan Smith, being asked the ques-tion where the said Simon Bolding was standing and what he was doing at the time the said Bright Cole was assaulted, and the said Bryan Smith, being so sworn, wickedly con-triving to have the said Simon Bolding unjustly acquitted of said charge, did deliberately and willfully depose and swear and give in evidence that, at the time the said Bright. Cole was assaulted, the said Simon Bolding was standing at. a stove, with Wesley Bennett, washing up dishes, and that. he, the said Bolding, was not near the said Bright Cole when said Bright Cole was assaulted ; whereas, in truth and

in fact, said Simon Bolding was not standing by said stove with Wesley Bennett, washing up dishes, but was standing immediately behind the said Bright Cole, and within arm's reach of said Bright Cole, and while so standing did assau.t the said Bright Cole," etc.

It appears, then, that the material inquiry, as is averred, was whether Bolding made the assault upon Cole. If the question asked was material to that issue—that is, " where Bolding was standing and what he was doing at the time Cole was assaulted "— it appears, from the authorities cited, that it was the duty of the pleader to expressly aver its materiality. In *The People* v. *Collier*, 1 Mich. 138, it is said : "If it be material, it must be averred to be so, or it must clearly appear to be so from the statements alleged to be false. In stating the question which is averred to be material, it is proper to mention the circumstances which must afterwards be connected with the terms of the defendant's oath, in order to assign perjury upon that meaning. The usual form, when an express allegation of materiality is made, is that it became a material question whether such a thing happened or existed."

Now, it is not alleged expressly that the question asked— viz., where the said Simon Bolding was standing and what he was doing at the time the said Bright Cole was assaulted—was material to what is alleged expressly to be the only material inquiry, viz., whether the said Simon Bolding made the assault upon said Bright Cole, as charged against him. For aught that appears, it made no difference, so far as the principal inquiry was concerned, where Bolding and Cole were standing when the assault was committed, nor does it appear material thereto what Bolding was doing about the time of the assault.

The same objection holds good, we think, as to the answer of the defendant to this question—which is assigned as the false statement—that is, " that, at the time the said Bright

40

Cole was assaulted, the said Simon Bolding was standing at a stove with Wesley Bennett, washing up dishes, and that he, the said Bolding, was not near the said Bright Cole when said Bright Cole was assaulted.'' The materiality of this statement does not of itself, or when taken in connection with the question asked, appear expressly to be material to the material inquiry set out, because it might be true that Bolding was standing at the stove with Wesley Bennett, washing up dishes, and not near Cole, and yet it might be equally true that he was the party who assaulted Cole. The circumstances of the assault are not stated with such particularity and detail as to show the impossibility that this could be so. How was Cole assaulted? We are not told. If with a pistol, then the offense could have been committed from any point within carrying distance, and the party shooting might have been at the stove with Wesley Bennett, engaged in washing dishes, when he fired the pistol. It will not do to say that we must, in connection with the false statement assigned, take, also, as part thereof, the negative allegations or declarations of its falsity, as set out by the pleader, to supply any defects, or omissions, or intendments necessary to show its materiality. These negative averments or declarations are not parts of the testimony of the defendant. That testimony must of itself, and without extraneous aid, be so clearly material as that it would be supererogation to aver its materiality, else its materiality must be expressly averred.

In the *State* v. *Aikens*, 33 Iowa, 403, it was said : '' The materiality of such matter must be established by the evidence, the same as any other ingredient of the crime, and cannot be left to presumption or inference, to be exercised by the court or jury. But in this case the relation of the facts sworn to by defendant, to the issues and subject-matter of the suit, must be presumed before it can be considered material in that proceeding. As we have seen, this is not

admissible." So, in this case, as we have seen, we are compelled to infer or presume the materiality of the question and answer to the material inquiry or investigation, in order to make the indictment sufficient in the matter assigned as perjury. Everything necessary to constitute the crime must be averred, and it must be averred in plain, intelligible, unambiguous language ; " otherwise," as was remarked by the supreme court of Tennessee in *Steinston* v. *The State*, 6· Yerg. 531, " state prosecutions may be supported by intendment."

There is no statement of facts in this case, and it is admitted, in the brief of counsel for appellant, that the testimony " sufficiently establishes the falsity of the statement alleged to have been made." The only question is the one we have discussed ; and, for the reasons stated, the judgment of the lower court is reversed and the case dismissed.

*Dismissed.*