## MARY MOORE *v.* THE STATE.

1. PLEADING. — Issuable allegations in an indictment should be directly and certainly averred, and not be introduced by way of argument or inference.

2. UNLAWFUL MARRIAGE. — In a prosecution against a white person, under art. 2016, Paschal's Digest, for knowingly marrying a negro within this State, or for cohabiting with a negro within this State, after an intermarriage in or out of this State, the marriage was an essential constituent of the offence, and it should have been directly averred in the indictment and positively established by the proof. Cohabitation, without a previous marriage, was not within the said article.

3. SAME — EVIDENCE. — In the trial of a woman for unlawful marriage with a negro, whether or not she was a white woman was an issue to be affirmatively established by the State. A witness's opinion that "she looks like a white woman" does not suffice to prove it.

APPEAL from the District Court of Marion. Tried below before the Hon. B. T. ESTES.

The charging part of the indictment alleged that " Mary Moore, late of said county, on the 1st day of September, A. D. 1878, and in said county of Marion and State of Texas, did then and there unlawfully, knowingly, and feloniously continue, in the State of Texas and in Marion County, to cohabit with a negro, to wit, one Henry Moore, she, the said Mary Moore, having married him, the said Henry Moore, a negro as aforesaid, and she, the said Mary Moore, being then and there a white person;" contrary to law, etc.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.   It is an old principle in our law of criminal pleading that an indictment should allege the facts by averments direct, positive, and certain, and not by way of argument and inference. The facts constituting the crime must be introduced upon the record by averments in opposition to argument and inference. *Bush* v. *The Republic*, 1 Texas,

455.   Tested by this principle, we are of opinion that the indictment in this case does not come up to the required standard, and must be held too defective to sustain a conviction.

In a prosecution against a white person for having knowingly intermarried with a negro, or for continuing to cohabit with such negro, within this State, after an intermarriage either in or out of this State, the fact of marriage is an essential ingredient, and must be positively averred and proved.  Pasc. Dig., art. 2016.  A mere cohabitation within this State, without a previous intermarriage, does not bring the offence within the statute which was in force at the time of the alleged offence, and upon which the prosecution is based.  The indictment should have averred that the defendant, being a white person, did knowingly intermarry with the negro without this State, and did thereafter remove to this State and continue to cohabit with such negro within this State ; or if the marriage was consummated within this State, that fact should have been alleged, with the further allegation of continued cohabitation, if the pleader designed the latter as the basis of prosecution.

While some irregularity is apparent in the proper authentication of the statement of facts, it is sufficiently authenticated by the signature of the judge to authorize its consideration as a part of the record in the cause.  *Bowden* v. *The State*, 2 Texas Ct. App. 56.

The evidence disclosed therein is not sufficient to support a conviction, and a new trial should have been awarded. Apart from the unsatisfactory character of the evidence relating to the marriage, it does not appear with any degree of certainty that the defendant was a white woman.  This was an essential fact, perhaps the most essential to be established by the prosecution.  To permit a female, however lowly her condition or vicious her associations may be, to suffer imprisonment in the penitentiary for two years, upon the opinion of a single witness " that she looks like a white

woman," would be an outrage upon law and justice, which courts cannot tolerate.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*