## Frank West v. The State.

1. Perjury — Indictment for perjury is sufficient in substance if it charges in plain and intelligible words the facts which constitute the offence, — to wit, the judicial proceeding or due course of justice wherein the oath

or affirmation was taken; the lawful taking of the oath or affirmation; the false testimony or statement; its materiality to the issue or subject-matter; and its wilful falsehood.

2. Challenge for Cause. — The fact that a proffered juror is a witness in the case is expressly enumerated by the Code of Procedure among the causes for challenge. That he belonged to the regular panel, or that he disclaimed any knowledge about the case, did not obviate the objection.

Appeal from the District Court of Uvalde. Tried below before the Hon. T. M. Paschal.

The indictment was founded on testimony of the appellant before the grand jury. It is quite lengthy, and as it could serve no good purpose as a precedent, no occasion for its insertion is perceived. Five years in the penitentiary were allotted as the punishment of the appellant.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a judgment of conviction for perjury, under art. 287 of the Penal Code (art. 188 of the Revised Penal Code). We quote and approve the following extract from the opinion of the Supreme Court in *The State* v. *Peters*, as applicable to the question of the sufficiency of the indictment in the case now under consideration : " The essential constituents of the crime of perjury, as defined by the Criminal Code, are : —

" 1. The making of a false statement, either written or verbal.

" 2. Said statement must be deliberately and wilfully made.

" 3. It must relate to something past or present.

" 4. It must be made under the sanction of an oath, or affirmation equivalent by law to an oath.

" 5. The oath or affirmation must be legally administered, under circumstances in which it is required by law, or is necessary for the prosecution or defence of a private right, or for the ends of public justice. If, from the mat-

ters alleged in the indictment, it is found that these constituents of the offence are charged in plain and intelligible words, it is all that is required.

" It is not to be understood, of course, that it is sufficient merely to charge the defendant with guilt of the constituents of the offence ; that would be simply to set out in the indictment the elements or definition of an offence. The indictment must state the acts and things done and said by the defendant, with such facts and circumstances connected with them, with such fulness and particularity for it to appear plainly and intelligibly that the matter wherewith he is charged contains these essential constituents of the definition of the offence." *The State* v. *Peters*, 42 Texas, 7.

Taking into consideration the circumstances under which the ruling in Peters's case was made, the indictment having been held defective on exceptions in the District Court, and an appeal having been taken by the State, which, at the date of the opinion, was allowable, and the Supreme Court having held that the District Court had erred in sustaining exceptions to the sufficiency of the indictment, and there being no other question before the Supreme Court at the time the opinion was delivered and the ruling announced, we must conclude that the court, in the opinion rendered, undertook to, and did, lay down an authoritative interpretation of the Code on the subject, and to declare precisely what were the essential elements and constituents of the crime of perjury under the Code, and precisely what indictments for that offence must contain in order to compel one accused of perjury to answer thereto ; and hence we conclude that, in testing the sufficiency of an indictment for perjury, it must be held that if the indictment comes up to the standard there laid down it must be held sufficient, and if it does not come up to the standard of sufficiency there laid down it would be defective and insufficient, and would not support a conviction for that offence. It is believed that the rule in Peters's case will be found to conform substantially to estab-

lished precedents so modified as to adapt them to the Texas Codes, and in harmony with late decisions of the Supreme Court and of this court, and is entitled to be regarded as leading on the subjects embraced in it. *Allen* v. *The State*, 42 Texas, 12; *Perry* v. *The State*, 42 Texas, 238; *Smith* v. *The State*, 1 Texas Ct. App. 620, and authorities there cited and reviewed; *Lawrence* v. *The State*, 2 Texas Ct. App. 479; *Watson* v. *The State*, 5 Texas Ct. App. 11; *Massie* v. *The State*, 5 Texas Ct. App. 81; *Stewart* v. *The State*, 6 Texas Ct. App. 184.

An indictment for perjury, since the adoption of the Penal Code, must aver that the statement upon which perjury is assigned was deliberately and wilfully made. It is sufficient if each of the constituent elements of the offence as defined in the Code are alleged in plain and intelligible words. *Allen* v. *The State*, 42 Texas, 12. An indictment for perjury which fails to charge, by direct and positive averment, that the false statement was deliberately and wilfully made, is bad. *Perry* v. *The State*, 42 Texas, 238; *Smith* v. *The State*, 1 Texas Ct. App. 620.

In indictments for perjury should be charged the facts essential to the offence, to wit:—

1. The judicial proceeding or due course of justice wherein the oath was taken.

2. The lawful taking of the oath.

3. The testimony given.

4. Its materiality.

5. Its wilful falsehood. *Watson* v. *The State*, 5 Texas Ct. App. 11.

It suffices to allege that the accused was duly sworn, without setting out the oath; but if the oath be set out, or the manner of administering it be alleged, the proof must correspond. *Massie* v. *The State*, 5 Texas Ct. App. 81. It is an indispensable requisite of all indictments that the offence must be set forth in plain and intelligible words. Code Cr. Proc., art. 420, subd. 7.

Testing the indictment in the present case by these rules, and the authorities might be multiplied, we are of opinion that it is defective and materially insufficient as a basis for a prosecution for perjury. By comparing it with the rules laid down in Peters's case, cited above, its defects will be apparent. The indictment being fatally defective, the judgment will necessarily have to be reversed. Other questions are raised by bills of exception, which may or may not arise hereafter, which it is not deemed important to consider at present. We notice, however, the following : —

It is shown by a bill of exceptions that the names of two of the jurors from whom the panel had to be formed for the trial were indorsed on the back of the indictment as witnesses for the State. The defendant challenged these two jurors for that cause. The court held the challenge for cause insufficient. In giving an explanation for the ruling, the court, in a statement appended to the bill of exceptions, says that the two jurors mentioned belonged to the regular panel. The district attorney stated that they knew nothing about the case on trial ; that he put their names on the indictment only because they had served on the trial of the case of *The State* v. *Brown* (and on this case West had made the statement which caused his indictment for perjury). The court then further questioned the jurors on oath, who stated that they knew nothing whatever about the facts of this case, and they appeared not to be subject to any other cause of challenge ; and further, the defendant had one peremptory challenge left when the clerk called the names not erased.

As matter of practice, the ruling of the court was error. Whilst a conviction would not be set aside, on appeal, on the ground that a challenge for cause had been improperly overruled, and resort was thereby compelled to a peremptory challenge, as the rights of the accused suffer no material injury so long as the party has not exhausted his peremptory challenges, and is enabled thereby to avoid the

objectionable juror (*Myers* v. *The State*, 7 Texas Ct. App. 640), yet in practice the bare fact that the proffered juror is a witness in the case is by the Code specifically declared to be cause for challenge. Code Cr. Proc., art. 636, subd. 6. This was a question which did not address itself to the court, the district attorney, nor the jury ; the law settled it. When it appeared that the proffered jurors were witnesses in the case, the inquiry was at an end, and the challenge for cause should have been sustained.

The charge of the court is liable to the criticism mentioned in the defendant's bill of exceptions and in the motion for a new trial, in that it does not clearly submit the real issues arising on the evidence, and so as not to invade the province of the jury, as in paragraph 7 of the charge, where is the following : "The testimony of the witness Redman that the defendant was sworn according to law, in connection with the evidence of the minutes of the court showing that said Redman was foreman of the grand jury, is competent testimony to establish the allegation in the indictment ;" which is clearly on the weight of evidence.

We may mention the fact, also, that we fail to see, from the state of the record, the relevancy and pertinency of certain testimony of what had occurred on another trial to the trial in this case, as shown by a bill of exceptions to the admission of this testimony.

The charge of the court, as well as the admission of the evidence, should be indicated by and confined to the allegations in the indictment.

For the want of a sufficient indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*