SAM BROWN *v.* THE STATE.

1. PERJURY — INDICTMENT.— Since the adoption of the Codes of this State in the year 1856, the particularity required in common-law indictments for perjury has not been necessary here. An indictment which, in plain and intelligible words, charges every constituent of the offence is substantially sufficient under the Texas Codes, though the predicate for the matter on which the perjury is assigned be not averred with the particularity required at common law.

2. SAME.— Though, as provided by art. 189 of the Penal Code, "a false statement made through inadvertence, or under agitation, or by mistake, is not perjury," yet, as this provision is no part of the definition of the offence, nor engrafted thereon, it need not be negatived in an indictment for perjury. Such exceptions are available to the defence in its proof.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The perjury charged in the indictment consisted in the appellant's denial, when a witness before the grand jury, that he had seen any gaming in Lampasas County during the preceding six months. Being found guilty, his punishment was assessed at five years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The particularity requisite in an indictment for perjury at common law has not obtained in this State since the adoption of the Codes in 1856, and it is only held necessary that the indictment should set forth the offence in plain and intelligible words; by which is meant that each of the essential constituents of the offence, as defined by the Code, should plainly appear on the face of the indictment. Introductory matter, by way of predicate for the averment of the facts which constitute the offence, such as refer to the tribunal in which the false testimony was given and its authority to administer the oath, the nature of the proceeding pending before it, and its jurisdiction to con-

duct such proceeding, are not regarded as so essential as to require the same particularity of detail in averment as at common law prior to the statute of 23 Geo. II., c. 11; *Bradberry* v. *The State*, 7 Texas Ct. App. 375; *Allen* v. *The State*, 42 Texas, 12.

Tested by these principles, the indictment before us possesses every legal requisite. It charges very explicitly that the appellant made a false verbal statement, deliberately and wilfully, relating to a past transaction, under the sanction of an oath; that such oath was legally administered, and that the statement was made under circumstances in which an oath or affirmation was required by law, and was necessary for the ends of public justice. It further charges that the statement was made knowingly, and that it was material to the matter in respect to which it was made; which materiality also abundantly appears from other averments. These allegations must be held a full compliance with the law in setting out the offence.

It is claimed that the indictment is defective because it fails to aver that the false statement was not made through inadvertence, or under agitation, or by mistake. Our statute, it is true, provides that a false statement made under such circumstances is not perjury. Penal Code, art. 189. But as this provision is in a separate article, and does not appear as an exception in the article defining the offence, the rules of pleading do not require that such exceptions be negatived in the indictment, as they do not constitute a part of the description of the offence. They are available in proof as matter of defence. *The State* v. *Duke*, 42 Texas, 455; *Lewis* v. *The State*, 7 Texas Ct. App. 567.

The charge of the court was characterized by great clearness, and presented most distinctly and favorably for appellant the law applicable to the case; and the evidence adduced fully supports the verdict. We find no error in the record, and the judgment is affirmed.

*Affirmed.*