[No. 1468.]

## W. H. Cox *v.* The State.

1. PERJURY—INDICTMENT.—See the statement of the case for an indictment which, though inartistically drawn, is sufficient to charge the offense of perjury.
2. SAME—EVIDENCE.—If, in a prosecution for perjury, but a single witness testifies to the falsity of the alleged false oath, and there is a want of corroborating evidence, it is the duty of the trial court to instruct the jury to acquit the defendant, and failure to so instruct is fatal to the conviction. (Code Crim. Proc., Art 745, *et seq.*)

APPEAL from the District Court of Brown. Tried below before N. R. Lindsey, Esq., Special Judge.

The penalty imposed by a verdict of guilty was a term of five years in the penitentiary.

The charging part of the indictment reads as follows: "That heretofore, to-wit, at a term of the justice of the peace court of precinct number one, in and for the county of Brown, in the State of Texas, for criminal business, held at the office of the justice of the peace of said precinct, within and for said precinct, on the twenty-ninth day of December, A. D. 1881, before J. B. Smith, who was then and there the duly qualified and acting justice of the peace of said precinct and judge of said court, one

J. C. McGrew was in due form of law tried by a jury of the country duly summoned, impaneled, taken and sworn, between the said State of Texas and J. C. McGrew, upon a certain complaint then and there depending against him, the said J. C. McGrew, with an offense against the penal laws of the State of Texas, to-wit, a disturbance of the peace, which said complaint, charge and offense the said court then and there had authority and jurisdiction to try; and that, upon the said trial so as aforesaid had, one W. H. Cox appeared and was duly sworn as a witness for and on behalf of the said J. C. McGrew, by the said J. B. Smith, justice of the peace as aforesaid, he, the said J. B. Jmith, then and there having competent authority to administer oaths, and to swear and administer an oath to the said W. H. Cox, on that behalf, and that, upon said trial so as aforesaid had, certain questions became and were material, in substance as follows, that is to say, whether or not he, the said W. H. Cox, on the morning of the thirteenth of December, A. D. 1881, at the house of J. C. Blocker and Martha Blocker and Georgia Blocker and Preston Clark, did state and say that he, the said W. H. Cox, and the said J. C. McGrew had, on the night of the twelfth day of December, 1881, been in the house of Tom Richards and other houses in that neighborhood; and that the said W. H. Cox, being so sworn as aforesaid, on the said trial, so as aforesaid had in a judicial proceeding in a course of justice in the said justice of the peace court, before the said J. B. Smith, justice of the peace as aforesaid, in Brown county in the State of Texas, on the said twenty-ninth day of December, A. D. 1881, unlawfully, knowingly, willfully and deliberately, certain false verbal statements relating to a matter of fact, under the sanction of an oath legally administered and required by law, and necessary for ends of public justice, to and before the jurors of the jury so as aforesaid duly summoned, impaneled, taken and sworn between the said State of Texas and the said J. C. McGrew, did make, testify and give in evidence in substance and to the effect following, that is to say, that he, the said W. H. Cox, on the morning of the thirteenth day of December, A. D. 1881, at the house of J. C. Blocker, in Brown county, Texas, in the presence of J. C. Blocker and Martha Blocker and Georgia Blocker and Preston Clark, did not state that he, the said W. H. Cox, and J. C. McGrew (meaning the aforesaid J. C. McGrew) had, on the night of the twelfth day of December, 1881, been to the house of Tom Richards and other houses in that neighbor-

hood; whereas, in truth and in fact, he, the said W. H. Cox, on the morning of the thirteenth day of December, A. D. 1881, at the house of J. C. Blocker, in Brown county, Texas, in the presence of J. C. Blocker and Martha Blocker and Georgia Blocker and Preston Clark, did state and say that he, said W. H. Cox, and J. C. McGrew had, on the night of the twelfth day of December, 1881, been at the house of Tom Richards and other houses in that neighborhood, and that the said verbal statements so made as aforesaid by the said W. H. Cox to and before the said jurors of the said jury were false and untrue, and that the said W. H. Cox well knew the said statements so made as aforesaid to be wholly false and untrue."

J. B. Smith was the first witness examined for the State. He testified that he was the justice of the peace for precinct number one, Brown county, Texas, on December 29, 1881, and on that day presided at the trial of one J. C. McGrew, charged with a disturbance of the peace. McGrew pleaded not guilty to the charge, and during the proceedings the defendant was introduced as a witness for the defense, and sworn in that behalf. After having duly taken the oath, the defendant on his direct examination testified that he was with McGrew on the night of the twelfth of December, 1881, and that they rode the same horse; that they went to J. C. Blocker's house, and that they did not go to Tom Richards's house and other houses in the neighborhood, on that night.

The county attorney then asked the defendant, while he was testifying in behalf of McGrew: "Did you not, on the morning of the thirteenth day of December, 1881, at the house of J. C. Blocker, in Brown county, Texas, in the presence of J. C. Blocker, and Martha Blocker, and Georgia Blocker, and Preston Clark, state and say that you and J. C. McGrew had, on the night of the twelfth day of December, 1881, been to the house of Tom Richards and other houses in the neighborhood?" To this question, the defendant answered: "No."

It was agreed that the materiality of the defendant's testimony and his answer to the question as stated was fully proved.

With reference to the McGrew trial, the witness stated that it was shown on that trial that two men riding the same horse, on the night of December 12, went to or near the houses of Patterson, Richards and others in the neighborhood, and near the house of Richards discharged a pistol. At each of the houses they inquired the way to Blocker's house; that McGrew and the

2E

defendant Cox went to Blocker's house on that night, where Cox remained until morning; that one witness testified on the Mc-Grew trial that one of the two men who passed his house on the night in question inquired the way to Blocker's, and said that his name was McGrew, whereupon the witness said: "If your name is McGrew, you know the way to Blocker's house."

The information, affidavit and judgment in the case of the State of Texas v. J. C. McGrew were then read in evidence by the county attorney. The witness Smith, on his cross-examination, after identifying the documentary evidence above referred to, testified that he did not remember the exact language used by the county attorney in asking the question quoted in his examination in chief, but that it was in substance as he had stated it.

J. C. Blocker testified, for the State, that McGrew and the defendant came to his house on or about the twelfth of December, 1881, and the defendant, who was a stranger in the neighborhood, stayed over night. The witness had never seen him before. Cox was drunk next morning. The witness spoke to him about creating a disturbance in the neighborhood, and asked him what houses he and McGrew visited, and he replied that, as he was a stranger, he did not know, but that McGrew had taken him on the "grand rounds." The witness named over the houses of several parties, among them Tom Richards and Patterson, and the defendant said that McGrew told him that people of those names lived in two of the houses. He did not mention these names himself, but when they were named by the witness he said, as stated, that McGrew gave him such names as the residents of the houses they had visited. The witness's wife Martha, his daughter Georgia, and Preston Clark were present.

Georgia Blocker testifying, for the State, corroborated her father in every particular. Mrs. Martha Blocker testified that she heard part of the conversation between her husband and the defendant. She heard the defendant mention the names of Tom Richards and Patterson as the residents of houses he had visited with McGrew on the night of December 12, 1881.

*Mathews & Wilkes*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, J.　This is a conviction of the crime of perjury. While the indictment is not in strict accordance with approved precedents, still we are of the opinion that it is substantially sufficient, and contains all the material allegations of the facts constituting the offense.　(*Allen* v. *The State*, 42 Texas, 12; *Bradberry* v. *The State*, 7 Texas Ct. App., 375; *West* v. *The State*, 8 Texas Ct. App., 119.)

We are of the opinion, however, that the evidence upon which the conviction is based is legally insufficient.　There were three witnesses placed upon the stand to testify as to the falsity of the alleged false oath of the defendant.　But one of these witnesses testified that defendant's alleged false statements were untrue, and this witness admitted that she did not hear all of the conversation in relation to which the perjury is assigned.　By the testimony of the other two witnesses the truth, instead of the falsity, of the alleged false matter is to our minds established. There is no evidence whatever corroborating the testimony of the single witness as to the falsity of the defendant's oath. Under this state of case the court below erred in failing to instruct the jury to acquit the defendant.　(Code Crim. Proc., Arts. 745, 746; *Gabrielsky* v. *The State*, decided at the present term, *ante*, p. 428.)

Because the evidence does not fulfill the requirements of the law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 17, 1883.